# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 10-26337JAD |
| SHUBH HOTELS PITTSBURGH, LLC, | Chapter 11 |
| Debtor. | Related to Doc. Nos. 7, 11, 312, |

## ORDER OF COURT

**AND NOW** this 8th day of **November, 2010**, the Court reduces to writing its ruling rendered at the hearing held November 4, 2010 and for the reasons expressed on that record, the Court hereby **ORDERS, ADJUDGES** and **DECREES** as follows:

**A. Exclusivity:** The *Emergency Motion for an Order Appointing a Chapter 11 Trustee, Additionally; Motion to Terminate Exclusivity Period in Which to File a Chapter 11 Plan; Additionally, Motion to Void Transfer of Property of Estate)* (Doc. #312) filed by Carbon Capital II Real Estate CDO 2005-1 Ltd., and BlackRock Financial Management, Inc., as subspecial servicer to Carbon Capital II Real Estate CDO 2005-1 Ltd.'s special servicer Midland Loan Services, Inc. ("BlackRock") is granted in part as to the termination of exclusivity and exclusivity is terminated.

**B. Examiner:** An examiner shall be appointed. The powers and duties of the examiner shall be to monitor and review the postpetition receipts and disbursements on an ongoing basis. The Debtor and its agents shall cooperate with the examiner all respects. The examiner shall have unfettered access to the Debtor's books and records. Once an examiner is appointed, a status conference will be scheduled to establish periodic reporting requirements. At present, the duties of the examiner shall be to monitor, review and report to the Court. These duties are subject to

further modification and expansion, if appropriate. The examiner has standing in this bankruptcy case and may hire professionals. The fees and expenses of the examiner and its professionals shall be paid by the bankruptcy estate upon proper application as required by the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.

**C. Stay of Litigation:** Pending litigation regarding the *Emergency Motion for an Order Pursuant to 11 U.S.C. §§ 105(a) and 362(d)(1) and (d)(2) Granting Relief from the Automatic Stay* (Doc. #7) and supplements thereto (Doc. ##109, 186, and 271) and the requests for an appointment of a Chapter 11 Trustee and to void transfer of property of estate (*Emergency Motion for an Order Appointing a Chapter 11 Trustee, Additionally; Motion to Terminate Exclusivity Period in Which to File a Chapter 11 Plan; Additionally, Motion to Void Transfer of Property of Estate*) (Doc. #312) filed by BlackRock is temporarily stayed until further order of court; provided however, the deposition of Jai Lalwani and production of documents in conjunction with the subpoenas directed to American Express and PNC Bank, N.A. that were the subject of the Amended Motions for Protective Order (Doc. ## 314, 315) may be completed. Regarding the complaint filed at Adversary No. 10-2564JAD (*Dr. Kiran Patel vs. Carbon Capital II Real Estate CDO 2005-1 Ltd., and BlackRock Financial Management, Inc., as subspecial servicer to Carbon Capital II Real Estate CDO 2005-1 Ltd.'s special servicer Midland Loan Services, Inc.*) answers or other "pre-answer" motions may be filed. Thereafter, the Court will issue an order requiring a joint discovery plan to be submitted.

**D. Briefing Schedule Regarding Proposed Wyndham Franchise Agreement:** The parties are directed to file briefs on or before **November 14, 2010** regarding the adequacy of the *Debtor's Expedited Motion for Authority (1) to Execute a Franchise Agreement with Wyndham Hotels and Resorts, LLC and (2) to Use Cash Collateral to Pay Transaction and Franchise Fees in Connection Therewith* (Doc. #70). Specifically, the parties shall address why the Court should approve the proposed Wyndham transaction prior to plan confirmation.

**E. Hotel Revenues:** Regarding cash collateral and postpetition financing, hotel revenues are assets of the bankruptcy estate of the Debtor (and constitute cash collateral) with the exception of the instance(s) where the Lender gave notice to the tenants of the Debtor.

**F. Employment of Counsel to Debtor:** *The Application for Order Authorizing Debtor to Employ and Retain Rudov & Stein, P.C. and Scott M. Hare, Esq. as Co-Counsel for Debtor and Debtor-In-Possession* (Doc. #11) is approved. Compensation is to be awarded only upon proper application and notice and hearing.

November 8th, 2010

_____
Jeffery A. Deller
U.S. Bankruptcy Judge

**FILED**

NOV - 8 2010

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA