IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>SHUBH HOTELS PITTSBURGH, LLC,<br>                Debtor.<br><br>SHUBH HOTELS PITTSBURGH, LLC,<br><br>                Movant.<br><br>v.<br><br>Carbon Capital II Real Estate CDO 2005-1, Ltd., and Black Rock Financial Management, Inc., as sub-special servicer to Carbon Capital II Real Estate CDO 2005-1, Ltd.'s special servicer, Midland Loan Services, Inc.,<br><br>                Respondent. | Bankruptcy Case No. 10-26337<br><br>Chapter 11<br><br>Judge Jeffery A. Deller<br><br>Document No. _____<br><br>Hearing Date and Time: _____, at<br>_____ __.m.<br><br>Response Date and Time: _____, at<br>_____ __.m. |

**DEBTOR'S AMENDED AND EXPEDITED MOTION FOR AN ORDER AUTHORIZING IT TO ENTER INTO ALTERNATIVE DEBTOR IN POSSESSION SENIOR LENDING FACILITY**

      Shubh Hotels Pittsburgh, LLC (the "Debtor"), through its counsel and by this motion (the "Motion"), seeks entry of an Order authorizing it to enter into a Debtor in Possession loan (the "Alternative Lending Facility") with Dr. Kiran Patel, and in support of that request respectfully states as follows:

### I. REQUEST FOR EXPEDITED HEARING

      1.      Pursuant to local Bankruptcy Rule of Procedure 9013-2, the Debtor requests a hearing on this Motion on an Expedited Basis. As set forth below, the Debtor owns and operates a 712 room hotel (the "Hotel") at the entry to Point State Park. The Debtor has urgent need for the use of cash in excess of its available Hotel revenue. Because the Hotel has been operating without an approved Franchise Agreement (commonly referred to within these proceedings as "a flag"), and because the Hotel has not had the benefit of home Pittsburgh Steelers games in recent weeks (a significant factor in driving guests to the Hotel), the Hotel revenues have declined. Thus, the Debtor has urgent need not only for a replacement flag but also for this Alternative Senior Lending Facility in advance of the onset of the less profitable winter season. The Debtor has arranged for a Replacement Lender to provide this Alternative Senior Lending Facility. Significantly, the Court has already entered as a result of the September 15,

2010 hearing its AGREED ORDER GRANTING INTERIM SECURED POST-PETITION FINANCING UNDER 11 U.S.C. §§ 105(a), 362, 364(c)(1) AND 364(d), AND F.R.B.P. 4001(c) (the "September 22, 2010 Agreed Order"), authorizing a $300,000 DIP loan from Dr. Patel's affiliate, on substantially the same terms (including a superpriority priming lien) as the Alternative Senior Lending Facility sought by this Motion (albeit that this Motion seeks to increase that authorized financing to $500,000). Therefore, the relief sought by this Motion has, in substantial part, already been authorized and approved by Order of this Court.

2. The Debtor requires use of cash from alleged collateral of BlackRock and the funds from the Alternative Senior Lending Facility to pay wages to employees and adequately provision the Hotel for continued operations. BlackRock has submitted a 34-page term sheet for the Alternative Senior Lending Facility that is so overwhelmingly onerous and unfair that it is a *"non-starter"* and bespeaks BlackRock's true agenda – to own the Hotel outright. Copies of that Term Sheet and the response of the undersigned counsel are attached hereto as Exhibit A and B, respectively. BlackRock's Term Sheet was received Friday, November 4, 2010 at 6:00PM. The Response of the undersigned counsel was set at approximately 1:39PM on Monday, November 8, 2010. The Debtor received Dr. Patels' offer to continue to honor, and expand from $300,000 to $500,000, his previous offer of financial assistance later in the afternoon on Monday November 8, 2010.

3. The need for the expedited hearing has not been caused by any lack of due diligence on the part of the attorneys or the attorneys' client. It has been brought about solely by the circumstances beyond their control, most notably, BlackRock's decision to advance their "loan to own" tactics in their rapacious term sheet for the Alternative Senior Lending Facility.

## II.  BACKGROUND

4. On September 7, 2010, (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

5. The Debtor continues to operate its businesses and manage its property as a debtor in possession pursuant to 11 U.S.C. §§1107 and 1108. A creditors committee was appointed on or about September 24, 2010. By Order dated November 8, 2010, the Court directed the appointment of an examiner, which appointment is pending. The Court expressly declined to appoint a trustee.

6. Pursuant to 28 U.S.C. §1334(a), this Court has jurisdiction over this Motion, which is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A), (M) and (O).

7. Venue in this district is proper pursuant to 28 U.S.C. §1409.

8. The statutory predicates for the relief sought herein are 11 U.S.C. §§361 and 363 or 364.

### III. FACTUAL BACKGROUND

9. The Debtor owns and operates the 712 room Hotel, located within the entrance of Point State Park. The Debtor acquired the Hotel from Hilton Hotels International on or about May 22, 2006. Debtor obtained financing for the Hotel acquisition, in part, from BlackRock's predecessor in interest.

10. As this court is aware, BlackRock became the Debtor's principal secured creditor by purchasing the loan from its original holder (at an undisclosed price, believed to be far less than par value), and as of the Petition Date, Black Rock claimed total debt of $49,600,000. (A substantial portion of this sum remains undisbursed and in BlackRock's custody.)

11. As the Court is also aware, as of the date of the Petition Date, the Debtor was current in paying all of its non-accelerated financial obligations owed to BlackRock.

12. To secure the Debtor's performance of its financial obligations, Blackrock claims a first lien on, and security interest in, substantially all of the Debtor's real and personal assets including cash and non-cash revenues from its hotel operations (i.e. "Cash Collateral"). In addition, Blackrock also holds the personal guaranty of Atul Bisaria, the former Managing Member of the Debtor. Dr. Patel has filed a Complaint seeking to equitably subordinate the entire claim of BlackRock.

13. On September 3, 2010, Blackrock commenced a Mortgage Foreclosure Proceeding on the basis of Hilton's termination of the Franchise Agreement, which allegedly created non-curable, non-monetary defaults under the BlackRock Loan Documents. BlackRock further sought the appointment of a contractual state court receiver to protect and advance the interests of BlackRock but no other Hotel creditors. Thus, the Debtor filed the within Chapter 11 case to preserve on-going Hotel operations and resolve the impasse that currently exists at the Hotel.

### IV. RELIEF SOUGHT – USE OF CASH COLLATERAL

14. To date, the Debtor has used Cash Collateral under a series of five (5) previous Bridge Orders for use of Cash Collateral. The Bankruptcy Court entered its September 22, 2010 Agreed Order authorizing a $300,000 super priority priming DIP loan from Dr. Patel's affiliate.

15. As evidenced by the prior five (5) Bridge Orders, the Debtor has immediate and dire need for Cash Collateral. By Order dated November 8, 2010, this Court determined the hotel revenues were cash collateral of the Debtor's Estate and not the Lender's property pursuant to its Assignment of Rents and purported "revocation" of the Debtor's license to collect them.

16. As this Court is aware, the Debtor's operations are managed by PRISM Hotels and Resorts of Dallas, Texas. All accounting and Cash Management has been re-located to PRISM's Offices.

17. Moreover, the November 8, 2010 Order also appointed an Examiner to monitor and review all Hotel post-petition receipts and disbursements. The use of cash collateral and borrowed new funds from Dr. Kiran Patel will be subject to not only to Prism's review, but also to review by the Examiner.

18. By this Motion, the Debtor seeks to use the Cash Collateral in the ordinary course of its business for the next 4 months and borrow $500,000 under the Alternative Senior Lending Facility for the same period. In connection with the use of Cash Collateral, the Debtor will submit to BlackRock its proposed SIXTH STIPULATED BRIDGE ORDER APPROVING SIXTH STIPULATION RELATING TO PAYMENT OF OPERATING EXPENSES AND PAYROLL. This Motion seeks Court approval for use of Cash Collateral should BlackRock decline to enter into the foregoing Stipulation.

19. As of the Petition Date, the Cash Collateral arising from the operations of the Hotel totaled approximately $400,000 comprised of both cash and credit card receivables representing revenue obtained for recent hotel room stays of the transient guests. These funds have turned over several times in the form of new Hotel revenues.

20. As this Court is aware, the Debtor has been operating without a flag since September 1, 2010. Without a flag, the Debtor does not enjoy the benefits of a centralized reservation systems or a sales staff to solicit and implement reservations for upcoming business functions or Hotel stays. Thus, during the Hotel's slow winter season and until a flag is approved and for a reasonable time thereafter until room reservations and business functions are booked at the Hotel through a coordinated sales and marketing effort with the new flag (i.e., Wyndham), the Debtor will need to borrow funds to operate.

# V. RELIEF SOUGHT – ALTERNATIVE SENIOR LENDING FACILITY PURSUANT TO 11 USC § 364(D)

21. As set forth above, and as its first source of financing in order to address its on-going financial cash requirements, the Debtor requested a DIP financing proposal from BlackRock. In response, BlackRock delivered a *34 page* BlackRock term sheet that is wholly unacceptable. Among other objectionable terms, the BlackRock term sheet asks the Debtor to concede BlackRock's pre-petition lien, notwithstanding the Equitable Subordination Complaint that challenges it, summarily pay BlackRock's substantial attorneys' fees for this entire proceeding (estimated at $2 million) without Court approval as to reasonableness (thus consuming the lion's share of the financing facility), appoint a Trustee (or CRO) for the Debtor, allow BlackRock to scuttle the pending Plan of Reorganization by credit bidding against it, and require a "free fall" 363 sale without even making a stalking horse bid. This morning BlackRock delivered a revised term sheet (Exhibit C hereto) which did not meaningfully improve the proposal. In contrast, Dr. Kiran Patel has likewise offered to loan funds to the Debtor under an Alternative Senior Lending Facility in the initial amount of $500,000, and the Debtor reserves the right to request an additional amount should circumstances so require. In this regard, Debtor submits that the Court's approval of the Wyndham Franchise Agreement would substantially improve the Hotel's cash flow, and reduce the Hotel's future operating financing requirements. This Alternative Senior Lending Facility will provide immediately available cash funds contingent only an order of the Bankruptcy Court continuing and extending the September 22, 2010 Agreed Order to cover the Alternative Senior Lending Facility and provide the Lender with a post-petition, super-priority lien senior to all existing liens or claims of any creditor or party interest. The exact terms of this Lending Facility are being negotiated as this Motion is being filed but will be presented at the Hearing on this Motion and filed of record as soon as it becomes available. However, unlike the BlackRock proposal, the Alternative Senior Lending Facility is refreshingly devoid of over-bearing terms and conditions, and follows the template of the September 22, 2010 Agreed Order.

22. The approval of the Alternative Senior Lending Facility has additional support, beyond that available at the time the September 22, 2010 Agreed Order was entered. Specifically, the Court has, in connection with its rulings on November 4, 2010, determined that the Hotel's value exceeds the BlackRock debt. Therefore, Debtor submits that this "equity cushion" adequately protects BlackRock's loan under Bankruptcy Code Section 364, and supports the Alternative Senior Lending Facility sought hereby.

## VI. REQUEST FOR INTERIM RELIEF

23. Fed. R. Bankr. P. 400(b)(2) provides in part that "[t]he court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 15 days after service of the motion." However, the court may conduct a preliminary hearing "before such 15 day period, but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing."

24. As set forth above, the Debtor's inability to use cash collateral will cause immediate and irreparable harm to the estate - if the Debtor cannot pay its employees and certain of its vendors on time, the Debtor simply will have no business to reorganize.

## VII. CLAIMS NOT ADDRESSED BY THIS MOTION

25. In the ordinary course of its business, the Debtor purchases various products that are used in the Hotel operations or that are subsequently re-sold to the Hotel guests. Certain of these vendors or creditors that provided such products may assert reclamation claims under 11 U.S.C. §546(c), for product received by the Debtor within the forty-five (45) day period prior to the Petition Date (the "Reclamation Creditors"). Therefore, these Reclamation Creditors may assert an interest in the Cash Collateral generated from the sale of such product, as well as for claims under Section 503(b)(9) of the Code ("Reclamation Claims"). These Reclamation Claims are likely subordinated to the security interests of BlackRock, pursuant to 11 U.S.C.§ 546 (c)(1).

26. Further, pursuant to §§ 503(a)(9), 546(c)(1)(B) and 546(c)(2), vendors who provided goods within twenty (20) days of the Petition Date may be entitled to Chapter 11 administrative priority status ("Administrative Claims").

27. Finally, other creditors may assert an interest in the Cash Collateral by virtue of certain financing agreements and Uniform Commercial Code filings (the "Lessor Claims").

28. The validity of these Reclamation Claims, Administrative Claims and Lessor Claims can only be determined after notice and hearing by this Court and with prior notice to all parties in interest. These claims will need to be resolved during the case by a process to be established during the case and are not the subject of this Motion nor are they entitled to the benefits of the interim Cash Collateral requested herein.

## VIII.  NOTICE

29. Copies of this Motion were served on the following parties: (i) Office of the United States Trustee for the Western District of Pennsylvania; (ii) Internal Revenue Service; (iii) Pennsylvania Department of Tax and Revenue; (iv) counsel for the Creditor's Committee; and (v) BlackRock. The Debtor will also serve the Examiner when he/she is appointed.

WHEREFORE, for the reasons set forth above, the Debtor respectfully requests that it be permitted to use Cash Collateral and borrow funds under the Alternative Senior Lending Facility.

Dated:  November 9, 2010

Respectfully submitted,
Rudov & Stein, P.C.

*/s/ David K. Rudov*
David K. Rudov, Esq.
drudov@rudovstein.com
Pa. I.D. # 35579

100 First Avenue, Suite 500
First & Market Building
Pittsburgh, PA 15222
Tel:     412-281-7300

AND

*/s/ Scott M. Hare*
Scott M. Hare, Esquire
scott@scottlawpgh.com
Pa. I.D. # 63818

1806 Frick Building
437 Grant Street
Pittsburgh, PA  15219
Tel:     412-338-8632

Attorneys for the Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>SHUBH HOTELS PITTSBURGH, LLC,<br>　　　　Debtor.<br>_____<br><br>SHUBH HOTELS PITTSBURGH, LLC,<br><br>　　　　Movant.<br><br>　　　　v.<br><br>Carbon Capital II Real Estate CDO 2005-1, Ltd., and Black Rock Financial Management, Inc., as sub-special servicer to Carbon Capital II Real Estate CDO 2005-1, Ltd.'s special servicer, Midland Loan Services, Inc.,<br><br>　　　　Respondent. | Bankruptcy Case No. 10-26337<br><br>Chapter 11<br><br>Judge Jeffery A. Deller<br><br>Document No. _____<br><br>Hearing Date and Time: _____, at<br>_____ __.m.<br><br>Response Date and Time: _____, at<br>_____ __.m. |

## **ORDER OF COURT**

　　　　AND NOW, to-wit, this _____ day of _____, 2010 after due consideration, it is hereby ORDERED, ADJUDGED and DECREED that:

　　　　1.　　Debtor is authorized to use cash collateral of BlackRock under the terms and conditions set forth in the Expedited Motion and in accordance with the record made at the Emergency Hearing.

AND

　　　　2.　　Debtor is hereby authorized to borrow up to $500,000.00 from Dr. Kiran Patel under the terms and conditions set forth in the Expedited Motion and in accordance with the record made at the Emergency Hearing.

　　　　　　　　　　　　　　　　　　　　BY THE COURT,

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Judge Jeffery A. Deller

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>SHUBH HOTELS PITTSBURGH, LLC,<br>                Debtor.<br>_____<br><br>SHUBH HOTELS PITTSBURGH, LLC,<br><br>                Movant.<br><br>                v.<br><br>Carbon Capital II Real Estate CDO 2005-1, Ltd., and Black Rock Financial Management, Inc., as sub-special servicer to Carbon Capital II Real Estate CDO 2005-1, Ltd.'s special servicer, Midland Loan Services, Inc.,<br><br>                Respondent. | Bankruptcy Case No. 10-26337<br><br>Chapter 11<br><br>Judge Jeffery A. Deller<br><br>Document No. _____<br><br>Hearing Date and Time: _____, at<br>_____ __.m.<br><br>Response Date and Time: _____, at<br>_____ __.m. |

## **NOTICE AND ORDER SETTING HEARING ON AN EXPEDITED BASIS**

      **NOTICE IS HEREBY GIVEN THAT** Debtor's Expedited Motion for an Order Authorizing it to Use Cash Collateral or in the Alternative to Obtain Alternative Debtor in Possession Senior Lending Facility has been filed in the above-referenced case by the Debtor.

      A hearing has been scheduled for _____ at _____ in _____.

      Responses to the motion shall be filed with the Clerk of the Bankruptcy Court and served on parties in interest on or before _____.

      A courtesy copy of all responses shall be delivered to chambers with the filing.

      Service shall be made as directed below. A certificate of service shall be filed with the Clerk immediately.

_____                                         _____
Date                                                               United States Bankruptcy Judge

Movant is to complete this notice and file it with the motion for expedited hearing and proposed order granting the substantive relief requested, leaving blank the hearing and response dates. If the Court determines that a hearing is necessary, response and hearing dates will be provided to movant. Movant shall serve a copy of this completed scheduling order and the motion by hand delivery or facsimile on the respondent, trustee, debtor, debtor's attorney, all secured creditors whose interests may be affected by the relief requested, U.S. Trustee and the attorney for any committee. If there is no committee counsel, serve all members of each committee. Movant shall deliver a paper copy of the motion and this notice of hearing to chambers.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>SHUBH HOTELS PITTSBURGH, LLC,<br>　　　　Debtor.<br>_____<br><br>SHUBH HOTELS PITTSBURGH, LLC,<br><br>　　　　Movant.<br><br>　　　　v.<br><br>Carbon Capital II Real Estate CDO 2005-1, Ltd., and Black Rock Financial Management, Inc., as sub-special servicer to Carbon Capital II Real Estate CDO 2005-1, Ltd.'s special servicer, Midland Loan Services, Inc.,<br><br>　　　　Respondent. | Bankruptcy Case No. 10-26337<br><br>Chapter 11<br><br>Judge Jeffery A. Deller<br><br>Document No. _____<br><br>Hearing Date and Time: _____, at _____ __.m.<br><br>Response Date and Time: _____, at _____ __.m. |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Debtor's Expedited Motion for an Order Authorizing it to Use Cash Collateral or in the Alternative to Obtain Alternative Debtor in Possession Senior Lending Facility has been served by email, on the following (in addition to all parties receiving service by PACER):

Norma Hildenbrand, U.S. Trustee
Norma.L.Hildenbrand@usdoj.gov

Office of the U.S. Trustee
ustpregion03.pi.ecf@usdoj.gov

T. Lawrence Palmer, Esq.
lpalmer@attorneygeneral.gov

Amy Tonti, Esq.
atonti@reedsmith.com

Robert Simons, Esq.
rsimons@reedsmith.com

David Lampl, Esq.
DLampl@LeechTishman.com

November 9, 2010　　　　　　　　　　　　　　*/s/ David K. Rudov*
　　　　　　　　　　　　　　　　　　　　　　David K. Rudov, Esq.