# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy Case No. 10-26337-JAD |
| SHUBH HOTELS PITTSBURGH, LLC., <br> Debtor. | Chapter 11 |
| | Judge Jeffery A. Deller |
| | Doc. No. _____ |
| SHUBH HOTELS PITTSBURGH, LLC <br> Movants. | Related to Docket No. _____ |
| v. | |
| CARBON CAPITAL II REAL ESTATE CDO 2005-1, LTD., and BLACKROCK FINANCIAL MANAGEMENT, INC., as sub-special servicer to CARBON CAPITAL II REAL ESTATE CDO-2005-1, LTD.'S special servicer, MIDLAND LOAN SERVICES, INC., | |
| Respondent. | |

## ORDER GRANTING DEBTOR'S AMENDED AND EXPEDITED MOTION FOR AN ORDER AUTHORIZING IT TO ENTER INTO ALTERNATIVE DEBTOR IN POSSESSION SENIOR LENDING FACILITY

THIS CAUSE came before the Court for hearing on November __, 2010 at __:__ _.m. on the *Debtor's Amended And Expedited Motion For An Order Authorizing It To Enter Into Alternative Debtor In Possession Senior Lending Facility Debtor's* (Dkt. No. __) (the "Motion"). By the Motion, the Debtor sought entry of an Order authorizing it to enter into the Alternative Lending Facility[1] with Dr. Kiran Patel or his affiliated company ("Patel"). By this Order, the Court will grant preliminary approval of the Motion, on an interim basis; authorize the Debtor to (i) use the Cash Collateral in the ordinary course of its business for the next 4 months and (ii)

---
[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

obtain secured post-petition financing in an amount not to exceed the initial amount of $2.7 million from Patel (the "DIP Loan"); and schedule a further hearing.

Upon review of Motion, hearing the agreement of counsel of all counsel, and being otherwise fully advised of the premises, and for the reasons stated on the record, this ____ day of November, 2010, it is ORDERED, ADJUDGED and DECREED as follows:

1. The Motion is **GRANTED** on an interim basis and limited to the terms set forth in this Order.

2. The Debtor is authorized to obtain additional post-petition financing in an amount not to exceed $2.7 million bearing interest beginning on the date any such financing is advanced at the Prime Rate as published in the <u>Wall Street Journal,</u> and maturing with payment due within four months or upon a sooner adverse event in these proceedings (including but not limited to the failure of this Order granting interim approval of the DIP Loan to be confirmed by an Order approving the DIP Loan on a final basis within the period required by the Bankruptcy Code) or one of the following events of default (an "Event of Default"):

(a) the Debtor shall fail to pay any loan obligation as due;

(b) the Debtor shall fail to perform or comply with any covenant or agreement contained herein;

(c) the failure of the Debtor to comply in all material respects with each and all of the terms and conditions of this Interim Order or any Final Order thereon;

(d) the conversion of the Debtor's bankruptcy case to a case under Chapter 7 of the Bankruptcy Code;

(e) the appointment of a trustee for the Debtor;

(f) the dismissal of the Debtor's bankruptcy case;

(g) relief from the automatic stay otherwise imposed pursuant to Bankruptcy Code § 362 with respect to any collateral;

(h) a challenge by the Debtor or any other party in interest in the within chapter 11 case to the validity, priority, perfection or enforceability of the DIP Loan approved hereby.

3. Interest will accrue only upon the amount of financing actually advanced by Patel to the Debtor pursuant to this Order, and there shall not be any other financing charges associated with the DIP Loan. The Debtor is authorized to use the Cash Collateral in the ordinary course of its business for the next 4 months as set forth in the Motion.

4. The DIP Loan shall be advanced under the terms of this Order and disbursed only after the post-petition Rents (as broadly defined in the Prepetition Lender's loan documents, revenues, receipts and cash collateral, including funds in the Cash Management Account) are fully advanced.

5. The DIP Loan shall be disbursed and applied by the Debtor only to costs and expenses set forth in the Budget attached hereto.

6. This Order shall be in lieu of any Loan Agreement.

7. The obligations of the Debtor under the Alternative Senior Lending Facility ("**DIP Obligations**") shall: (i) pursuant to Section 364(c)(1) of the Bankruptcy Code, at all times constitute allowed administrative expense claims in the Cases having priority over all administrative expenses of the kind specified in Sections 503(b) or 507(b) of the Bankruptcy Code (collectively, "Superpriority Claims"); except (y) the Superpriority Claims shall be inferior in order of payment and security interest to all administrative claims of the Commonwealth of Pennsylvania and/or Allegheny County for taxes collected by, incurred by or assessed by or against the Debtor in Possession for tax periods or conduct after the filing of this case that

remain unpaid by the Debtor in Possession at the time Patel asserts its administrative expense claim and security interests under the Alternative Senior Lending Facility and (z) the Superpriority Claims shall not extend, attach, encumber and/or be paid from any proceeds obtained from causes of actions that may be brought and/or asserted under Chapter 5 of the Bankruptcy Code, Sections 501 et seq. (the "Chapter 5 Avoidance Actions") ; (ii) except as stated above, at all times be senior to any rights arising under Section 546(c) of the Bankruptcy Code; (iii) pursuant to Section 364(c)(2) of the Bankruptcy Code, at all times be secured by a perfected priority lien and security interest on all property of the Debtor that is not otherwise subject to a lien; except that such lien and/or security interest shall not attach to, or otherwise encumber, Chapter 5 Avoidance Actions; (iv) pursuant to Sections 364(c)(3) and 364(d)(1) of the Bankruptcy Code, be secured by a perfected lien and security interest upon all of the tangible and intangible property of the Debtors (except that such lien and/or security interest shall not attach to, or otherwise encumber, , Chapter 5 Avoidance Actions), which lien and security interest, for payment purposes, shall prime Carbon Capital II Real Estate CDO 2005-1, Ltd. and BlackRock Financial Management, Inc. (collectively, the "Prepetition Lender") (collectively, the "**DIP Liens**"). **THE DIP LOAN AND THE DIP LIENS SHALL HAVE PRIORITY IN PAYMENT FROM RENTS, REVENUES, RECEIPTS AND ALL PROPERTY OF THE ESTATE (EXCEPT FOR CHAPTER 5 AVOIDANCE ACTIONS), INCLUDING REAL PROPERTY, OVER THE LIENS AND CLAIMS OF THE PREPETITION LENDER. NOTHING CONTAINED IN THIS ORDER SHALL IMPAIR THE PREPETITION LENDER'S FIRST MORTGAGE LIENS UNDER THE LAW OF THE STATE OF PENNSYLVANIA WITH RESPECT TO THE DEBTOR'S REAL PROPERTY; NOTWITHSTANDING THE FOREGOING, THE DIP LENDER SHALL HAVE AND IS**

**HEREBY AFFORDED THE RIGHT TO PRIORITY IN PAYMENT FROM ANY SALE OF THE REAL PROPERTY.**

8. Any credit extended and loans made by Patel under the DIP Loan shall be deemed to have been extended in good faith, as that term is used in section 364(e) of the Bankruptcy Code.

9. The Superpriority Claims, security interests and liens granted under this Order shall also be subordinate to the payment of quarterly fees to the Office of the United States Trustee and the professional fee carve-out not to exceed $500,000.00 for fees and expenses incurred by retained professionals, including Debtor's counsel, counsel for the Official Committee of Unsecured Creditors (the "Committee") or other professionals retained by the Committee, the Examiner appointed in this case and any professionals retained by the Examiner prior to an Event of Default, and $100,000.00 for fees incurred thereafter.

10. **Order is Security Agreement; No Need for Further Actions to Perfect Security Interests.**

(a) Subject to paragraph 10(b) below, this Order shall be deemed to be and shall constitute a loan agreement and a mortgage and security agreement under the applicable provisions of the laws of the Commonwealth of Pennsylvania, including, but not limited to, the Pennsylvania Uniform Commercial Code ("UCC"). The security interests and liens granted to Patel by this Order shall be deemed perfected upon entry of this Order without further consideration, new and continuing, good, valuable and adequate consideration having been received and acknowledged by the Debtor and without the necessity of filing by any person of any documents or other instruments otherwise required to be filed under applicable non-bankruptcy law for the perfection of security interests or liens, with such validity and

perfection being binding upon the Debtor, or any successor or any subsequently appointed trustee in any proceedings under any Chapter of the Code, and upon any and all of the creditors of the Debtor who have extended or may hereafter extend credit to the Debtor, or assert a claim of any nature or in any manner whatsoever in this bankruptcy case or any superseding bankruptcy case of the Debtor, whether or not notice of the filing of the bankruptcy case has been filed in any county, parish, or any political or administrative subdivision in which any of the assets of the Debtor are or may be located. The provisions of Code §362 are hereby modified to allow Patel to carry out the terms of this Order.

(b) **THE DIP LOAN AND THE DIP LIENS SHALL HAVE PRIORITY IN PAYMENT FROM RENTS, REVENUES, RECEIPTS AND ALL PROPERTY OF THE ESTATE (EXCEPT FOR CHAPTER 5 AVOIDANCE ACTIONS), INCLUDING REAL PROPERTY, OVER THE LIENS AND CLAIMS OF THE PREPETITION LENDER. NOTHING CONTAINED IN THIS ORDER SHALL IMPAIR THE PREPETITION LENDER'S FIRST MORTGAGE LIENS UNDER THE LAW OF THE STATE OF PENNSYLVANIA WITH RESPECT TO THE DEBTOR'S REAL PROPERTY; NOTWITHSTANDING THE FOREGOING, PATEL SHALL HAVE AND IS HEREBY AFFORDED THE RIGHT TO PRIORITY IN PAYMENT FROM ANY SALE OF THE REAL PROPERTY.**

11. The Court sets a final hearing on the Motion for _____, 2010 at _____.

IT IS SO ORDERED.

BY THE COURT,

_____
HONORABLE JEFFERY A. DELLER
UNITED STATES BANKRUPTCY JUDGE

3227787-4