# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | Case No. 10-26337-JAD |
| ) | |
| SHUBH HOTELS PITTSBURGH, LLC, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | Docket No. |
| SHUBH HOTELS PITTSBURGH, LLC ) | |
| ) | Related Docket No. 544 |
| Movant, ) | |
| ) | Hearing Date: January 11, 2011 |
| v. ) | at 10:00 a.m. |
| ) | Response Date: January 7, 2011 |
| (NO RESPONDENT) ) | |
| ) | |

## RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO MOTION TO COMPEL MEDIATION PURSUANT TO BANKRUPTCY COURT GENERAL COURT PROCEDURE RULE #4

AND NOW comes the Official Committee of Unsecured Creditors (the "Committee"), by and through its undersigned counsel and files this Response to the Debtor's Motion to Compel Mediation Pursuant to Bankruptcy Court General Court Procedure Rule #4, stating as follows:

1. On September 7, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Pennsylvania.

2. The Debtor continues to operate it business and manage its respective properties as debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. On September 24, 2010, the office of the United States Trustee of the Western District of Pennsylvania appointed the Committee.

4. At a meeting held on September 24, 2010, the Committee elected to engage Leech Tishman Fuscaldo & Lampl, LLC ("LTFL"), as its counsel

5. On September 24, 2010, the Committee filed an Application to Employ LTFL as Committee Counsel.

6. An order approving LTFL's retention was entered on October 22, 2010.

7. On December 20, 2010, the Debtor filed a Motion To Compel Mediation Pursuant To Bankruptcy Court General Court Procedure Rule #4 (the "Mediation Motion").

**RESPONSE**

8. The Committee does not oppose the Debtor's Mediation Motion and would strongly encourage a mediation process that may bring resolution to various unresolved matters pending in this case, which unresolved matters will cause delay in the confirmation of a plan, including but not limited to:

    a. potential claims of Carbon Capital II Real Estate CDO 2005-1, Ltd. (the "Lender") under Section 506(b) of the Bankruptcy Code for the allowance and payment of default interest and reasonable fees, costs and charges relating to its prepetition claim;

    b. the claims asserted against the Lender by Dr. Kiran Patel in his complaint filed at Adversary Proceeding No. 10-2564-JAD; and

    c. the claims asserted by Atul Bisaria against the Lender in the West Palm Beach Division of the United States District Court for the Southern District of Florida, Case No. 10-cv-81215-WPD.

9. Resolution of the matters indentified in paragraph 8.a. above is listed by the Debtor and Pittsburgh Grand, LLC as a conditions precedent to the effectiveness of their Amended Joint Plan. The Committee submits that resolution of these matters through formal

litigation proceedings will be protracted and costly delaying the effectiveness of said Amended Joint Plan (assuming confirmed by this Court) and any distributions to be made thereunder.

10. Resolution of the matters indentified in paragraph 8.b. and 8.c. above are listed by the Lender as a condition precedent to the effectiveness of its Plan. Specifically, the Lender's Plan requires these matters to be dismissed with prejudice by April 30, 2011. Like the issues in paragraph 8.a., the Committee submits that resolution of these matters through formal litigation proceedings will be protracted and costly. It is unlikely these matters will be adjudicated by April 30, 2011 resulting (pursuant to Section 9.4 of the Plan) in an order confirming the BlackRock Plan to be vacated and the Plan rendered null and void.

11. Given that the matters identified above are contingencies to the effectiveness of the respective competing plans filed in this case and given the fact that resolution of those matters through formal litigation will be protracted and costly, the Committee submits that mediation will serve to offer the possibility of the plan proponents obtaining certain of the conditions necessary for the effectiveness of each of their respective plans prior to confirmation.

12. The Committee believes possible resolution of these matters through mediation will assist in facilitating and expediting the effectiveness of whichever plan this Court may ultimately confirm.

13. The Committee would also welcome and encourage possible resolution of any other disputed plan issues through the mediation process.

14. Given the level of acrimony and litigation, the Committee fears that the administrative costs accruing in this case will become overwhelming and detrimental to the Debtor's ability to confirm a plan and otherwise pay dividends to the unsecured creditors of this estate.

15. As such, the Committee is prepared to participate and to make recommendations, as the case may be, in any mediation required by this Court to address the issues and matters set forth above with the goal of placing this case on track to confirm a plan that provides for distribution to claims of unsecured creditors.

**WHEREFORE**, the Committee requests that this Response be made a part of the record at the hearing to be held on this matter and the Court grant the relief requested herein, or such other relief this Court deems appropriate.

Respectfully submitted,

/s/ John M. Steiner

David W. Lampl, Esquire
PA I.D. #208867
John M. Steiner, Esquire
PA I.D. #79390
Leech Tishman Fuscaldo & Lampl
525 William Penn Place, 30th Floor
Pittsburgh, PA 15219
412-261-1600
dlampl@leechtishman.com
jsteiner@leechtishman.com
Counsel for the Official Committee
of Unsecured Creditors