# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy Case No. 10-26337-JAD |
| SHUBH HOTELS PITTSBURGH, LLC, | Chapter 11 |
| Debtor. | Honorable Jeffery A. Deller |
| DR. KIRAN C. PATEL and PITTSBURGH GRAND, LLC, | Hearing Date and Time: |
| Movants. | |
| v. | |
| NO RESPONDENT. | |

### REQUEST FOR EXPEDITED TREATMENT OF AND MOTION TO SET DISCLOSURE STATEMENT HEARING ON DR. KIRAN C. PATEL'S AND PITTSBURGH GRAND, LLC'S FIRST AMENDED DISCLOSURE STATEMENT, FILED MARCH 8, 2010, ON MARCH 22, 2011

Dr. Kiran C. Patel, and Pittsburgh Grand, LLC (collectively "Plan Proponents"), by and through undersigned counsel and pursuant to Rule 2002(b) and 3017(a) of the Federal Rules of Bankruptcy Procedure ("FRBP") and Local Rule 9013-2, file this *Request for Expedited Treatment of and Motion to Set Disclosure Statement Hearing on Dr. Kiran C. Patel's and Pittsburgh Grand, LLC's First Amended Disclosure Statement Filed on March 8, 2011, on March 22, 2011* (the "Motion") and in support state:

**Background**

1. Shubh Hotels Pittsburgh, LLC (the "Debtor") and Pittsburgh Grand, LLC[1] ("PG") filed a Joint Chapter 11 Plan of Reorganization (the "First Plan") (Doc. No. 189) and a Joint Disclosure Statement (the "First Disclosure Statement") (Doc. No. 188) on October 6, 2010.

2. The Court heard all objections to the First Disclosure Statement on November 23, 2010, whereupon the Debtor and PG filed their First Amended Joint Chapter 11 Plan (the "Amended Plan") (Doc. No. 568) and their First Amended Disclosure Statement (the "Amended Disclosure Statement") (Doc. No. 567) on December 28, 2010. The Amended Plan and Amended Disclosure Statement were served via U.S. Mail on the entire mailing matrix on December 30, 2010 (Certificate of Service, Doc. No. 585).

3. On December 29, 2010, Carbon Capital II Real Estate CDO 2005-1 Ltd. ("Carbon Capital" or "Lender"), together with BlackRock Financial Management, Inc. ("BlackRock" or "Subservicer"), as special sub-servicer to Carbon Capital's special servicer, Midland Loan Services ("Midland" or "Servicer"), a division of PNC Bank, National Association, filed its Chapter 11 Plan Proposed by Carbon Capital and BlackRock (Doc. No. 574).

4. After the Court ordered the appointment of a U.S. Trustee in a February 1, 2011 Order (Doc. No.721), the Plan Proponents filed a Chapter 11 Plan (the "Filed Plan") (Doc. No. 738) and a Disclosure Statement in connection with the Filed Plan (the "Filed Disclosure Statement") (Doc. No. 739) on February 7, 2011, making substantially the same disclosures as were made by the First Plan, and improving the First Plan by providing for Wyndham to manage

---

[1] Dr. Kiran C. Patel owns Pittsburgh Grand, LLC ("PG"), a Florida limited liability company that asserts a ninety nine percent (99%) ownership of the membership interests of the Debtor, and Pittsburgh Grand Manager, LLC ("PGM"), a Delaware limited liability company that asserts a one percent (1%) ownership of the membership interests of the Debtor and acts as its manager.

2

and provide capital to support the Hotel and the Filed Plan. This Court set a Disclosure Statement hearing on the Filed Disclosure Statement for March 15, 2011 (Doc. No. 744).

5. The Debtor filed a Motion to Compel Mediation on December 20, 2010 (Doc. No. 544). This Court held a hearing on January 11, 2011 and entered an Order granting the Debtor's Motion to Compel on January 11, 2011 (Doc No. 612).

6. This Court then entered an Order approving the U.S. Trustee's office's Application for the Approval of the Appointment of a Chapter 11 Trustee (Doc. No. 741) on February 7, 2011.

7. After a successful mediation, as described below, Plan Proponents filed a Motion to Be Relieved of the Obligation to Serve the Order and Notice of Hearing on the Filed Plan and the Filed Disclosure Statement (Doc. No. 756) on February 11, 2011, in anticipation of the need to amend the Filed Plan and Filed Disclosure Statement to be consistent with the negotiated agreements reached at the mediation.

8. On February 14, 2011, this Court entered an Order (Doc. No. 761) relieving the Plan Proponents from having to serve the February 8, 2011 Order and Notice for Hearing on the Filed Disclosure statement. The Order noted that the Court would no longer hold a Disclosure Hearing on March 15, 2011, but would reschedule the hearing for a date after the Plan Proponents amended the Filed Plan and Filed Disclosure Statement.

9. The February 8, 2011, mediation among Dr. Kiran C. Patel, Carbon Capital, BlackRock, Midland and PG (collectively, the "Parties") resolved the disputes relating to Carbon Capital's claim treatment under the Chapter 11 Plan and Dr. Kiran Patel's pending Adversary Complaint, filed against Carbon Capital and BlackRock, for Equitable Subordination and Tortious Interference with a Business Relationship and the counter-claims filed in such adversary

3

proceeding (Doc. No. 370). The Parties' settlement resulted in a Term Sheet dated February 25, 2011, and a motion to approve the settlement among the Parties (the "Settlement Motion") (Doc. No. 788) being filed on March 4, 2011.

10. On February 22, 2011, this Court entered an Order setting a Hearing on the Official Committee of Unsecured Creditors' Application for Order Authorizing the Committee to Employ Meridian Financial Advisors, Ltd. (the "Committee's Application") for March 22, 2011 (Doc. No. 781).

11. On March 8, 2011, Dr. Patel and PG (the "Plan Proponents") filed a First Amended Chapter 11 Plan of reorganization (the "Amended Filed Plan") (Doc. No. 798) amending the Filed Plan, and an amended Disclosure Statement (the "Amended Filed Disclosure Statement") (Doc. No. 799), amending the Filed Disclosure Statement.

12. The Plan Proponents request that the Court set a Hearing on the approval of the Amended Filed Disclosure Statement for March 22, 2011 for the following reasons:

>(a) this Court's February 14, 2011 Order canceled the March 15, 2011 hearing on the Filed Disclosure Statement, as requested, and provided for the setting of a disclosure hearing after Dr. Kiran Patel and PG amended the Filed Plan and Filed Disclosure Statement;
>
>(b) the Amended Filed Disclosure Statement does not differ so materially from any of the previously filed disclosure statements, to the extent that any interested party would be unfairly prejudiced by reducing the notice time;
>
>(c) the interested parties to this case are well familiar with the facts, and history of the Debtor by virtue of the heavily litigated Motions For Stay Relief, associated discovery and trial;

(d) the Term Sheet requires the Plan Proponents to file this Motion[2] and generally, to expedite the process of confirming and effectuating the Amended Plan;

(e) effectuating the settlement embodied in the Term Sheet and concluding these proceedings substantially benefits all parties in interest; and

(f) the Parties will already be before this Court on March 22, 2011 for the hearing on the Committee's Application.

**Argument**

13. Rule 3017 of the Federal Rules of Bankruptcy Procedure ("FRBP") requires that the Court schedule a hearing after at least twenty-eight days have expired from the time a disclosure statement is filed, and that notice shall be given to the appropriate parties under Rule 2002(b).

14. However, Rule 9006(c) states that a court may, for cause shown and in its discretion, reduce the time period within which a required act must be conducted. Rule 9006(c) lists several rules upon which no time reductions are permitted. Neither Rule 2002(b) nor Rule 3017(a) falls within this exception list.

15. Thus, Rule 9006(c) permits the Court to reduce Rule 2002(b)'s requirement that the Court or a designated person affirmatively provide twenty-eight days notice of a disclosure statement hearing and 3017(a)'s requirement that a disclosure statement hearing be held at least twenty-eight days after the appropriate parties receive notice.

16. Local Rule 9013-2 also provides a procedure for scheduling expedited hearings, e.g. scheduling a disclosure hearing before the twenty-eight days following notice have accrued. A motion made under Rule 9013-2, requesting an expedited hearing must contain certain

---

[2] The Term sheet was modified by agreement, after its execution, to permit this motion to request the Disclosure Statement hearing request to be for March 22, 2011.

5

explanations, including the specific harm that a movant will incur, the absence of any lack of due diligence and the existence of circumstances beyond the attorney or the attorney's client's control.

17. The Term Sheet filed with the Settlement Motion sets forth the specific requirement that the Plan Proponents will request that the disclosure statement hearing be scheduled on March 15, 2011, however a subsequent amendment provided for the requested date to be March 22, 2011. Expediting the resolution of these proceedings remains important to the mediating parties. The continued administrative expense of this case only increases the financial challenges of operating a complex business such as this hotel (while in bankruptcy and under a Chapter 11 Trustee administration). The Term Sheet also imposes severe consequences for failure to satisfy its required timeline, including the likely liquidation of the Hotel if the reorganization does not timely succeed. All of these reasons support the Motion and explain the Parties' desire for an expedited resolution of these proceedings.

18. The Plan Proponents do not seek to shorten the time period upon which to conduct a disclosure hearing due to any negligence or failure to conduct due diligence in any way. In fact, the Plan Proponents are mindful of the valuable time that this Court has devoted to hearing and reviewing the various Chapter 11 plans and disclosure statements filed during the pendency of the Debtor's bankruptcy and seek only to accelerate the Debtor's case to confirmation. The recent settlement of a variety of disputes between the Parties, supports the Plan Proponents' good faith in seeking an expedited hearing and a shortening of the notice requirements.

19. There is ample decisional case law supporting the relief requested here on similar facts. In a somewhat similar procedural context, a court shortened the twenty-eight day notice

period required by Rule 3017(a) pursuant to Rule 9006(c) where the interested parties had been fully exposed to the factual background of the disclosures through prior filed disclosures statements. In re Wonder Corp. of Am., 70 B.R. 1018, 1018 (Bankr. D. Conn. 1987). In Wonder Corp the Debtor filed a disclosure statement and plan, filed amended versions of the plan and disclosure statement five days later, and after notice and a hearing on that same date, the Court determined that the disclosure statement was proper. Id. In other words, the Debtor was permitted to proceed to disclosure statement hearing without providing twenty-eight days' notice because the Court shortened the period under Rule 9006(c). Id.

20. Other courts have interpreted the intersection of Rule 9006(c)'s authorization of shortened time requirements and 2002(b)'s service requirements, in conjunction with a disclosure statement hearing. See, e.g., In re Holland, 85 B.R. 735, 736 (Bankr. W.D. Tex. 1988) ("Bankruptcy Rule 2002(b), it is true, does specify that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less than 25 days notice by mail of ... the time fixed for filing objections and the hearing to consider approval of a disclosure statement ..." [citation omitted]. The word "shall" as used in the Bankruptcy Rules should not be read with the authoritarian ring that it might have when used in statutes, however. [citation omitted]. For example, the word "shall" is also used in Rule 2002(a)…yet Rule 9006(c) permits the court to shorten the time for such notice with respect to all matters listed in Rule 2002(a) (except those matters specified under subparagraphs (a)(4) and (a)(8)). [citation omitted]. All other things being equal, Rule 9006(c) should permit a reduction of the 25 day notice period for hearings on approval of disclosure statements.").[3]

---

[3] Movants note that the Court in In re Holland considered Rule 2000(b) when the Rule required twenty-five days for notice, instead of the present requirement of twenty-eight days.

21. Based on the foregoing, the Plan Proponents are entitled to both a reduction in the time required to give notice to certain parties under Rule 2002(b) and Rule 3017, and a reduction in the twenty-eight day time to schedule a disclosure statement hearing pursuant to Rule 3017. Furthermore, the Plan Proponents have complied with all the requirements to receive an expedited disclosure statement hearing under Local Rule 9013-2.

**WHEREFORE,** the Plan Proponents respectfully request the entry of an order (a) granting this Motion, (b) scheduling a disclosure hearing on the Amended Filed Disclosure Statement to March 22, 2011, and (c) granting such other relief as is just and proper.

Date: March 8, 2011					By:	s/ John R. Gotaskie, Jr.
							John R. Gotaskie, Jr.
							Pa. ID No. 81143
							FOX ROTHSCHILD LLP
							625 Liberty Avenue, 29th Floor
							Pittsburgh, PA 15222-3115
							jgotaskie@foxrothschild.com
							Telephone:  (412) 391-1334
							Facsimile:  (412) 391-6984

							OF COUNSEL:

							James D. Gassenheimer
							FL. Bar ID No. 0959987
							Berger Singerman
							200 S. Biscayne Boulevard, Suite 1000
							Miami, FL 33130
							jgassenheimer@bergersingerman.com
							Telephone:  (305) 714-4383
							Facsimile:  (305) 714-4340
							Admitted *pro hac vice*

							Brian G. Rich
							FL. Bar ID No. 038229
							Berger Singerman
							125 South Gadsen Street, Suite 300
							Tallahassee, FL 32301
							brich@bergersingerman.com

Telephone: (850) 521-6725
Facsimile: (850) 561-3013
Admitted *pro hac vice*

*Counsel to Dr. Kiran Patel and Pittsburgh Grand, LLC*