```
             IN THE UNITED STATES BANKRUPTCY COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

*********************************************************************
IN RE:                          :
                                :
SHUBH HOTELS PITTSBURGH, LLC,   :   BANKRUPTCY NO. 10-26337 JAD
                                :
       Debtor                   :   CHAPTER 11
                                :
*********************************************************************
                                :
JAMES R. WALSH, CHAPTER 11      :
TRUSTEE OF THE BANKRUPTCY       :   DOC. #
ESTATE OF  SHUBH HOTELS         :
PITTSBURGH, LLC.                :   RELATED TO DOC. # 549
                                :
                                :   HEARING DATE:
       Movant                   :
                                :   HEARING TIME:
   v.                           :
                                :
CARBON CAPITAL II REAL ESTATE   :
CDO 2005-1, LTD.; and BLACKROCK :
FINANCIAL MANAGEMENT, INC., AS  :
SUB-SPECIAL SERVICER TO CARBON  :
CAPITAL II REAL ESTATE CDO-     :
2005-1, LTD.'S SPECIAL SERVICER :
MIDLAND LOAN SERVICES           :
                                :
       Respondents              :
                                :
*********************************************************************
```

**MOTION OF CHAPTER 11 TRUSTEE FOR APPROVAL OF CONSENTED TO ORDER MODIFYING DEBTOR-IN-POSSESSION FINANCING AND USE OF CASH COLLATERAL AND FOR ENTRY OF CONSENTED TO PROTECTIVE ORDER FOR THE PURPOSE OF PROTECTING AND MAINTAINING THE CONFIDENTIALITY OF BLACKROCK FINANCIAL MANAGEMENT, INC.'S BILLING STATEMENTS PRODUCED AND PROVIDED TO THE CHAPTER 11 TRUSTEE, COUNSEL TO THE CHAPTER 11 TRUSTEE, AND COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SHUBH HOTELS PITTSBURGH, LLC TO SEEK THEIR APPROVAL AND CONSENT TO PAYMENT OF PORTIONS OF LENDER'S ACCRUED PROFESSIONAL FEES AND EXPENSES AS PROVIDED FOR IN CONSENTED TO ORDER MODIFYING DEBTOR-IN-POSSESSION FINANCING AND USE OF CASH COLLATERAL**

NOW COMES the Chapter 11 Trustee, James R. Walsh, Esquire, by and through his attorneys, Spence, Custer, Saylor, Wolfe and Rose,

LLC, and does file the within Motion Of Chapter 11 Trustee For Approval Of Consented To Order Modifying Debtor-In-Possession Financing And Use Of Cash Collateral And For Entry Of Consented To Protective Order For The Purpose Of Protecting And Maintaining The Confidentiality Of Blackrock Financial Management, Inc/'s Billing Statements Produced And Provided To The Chapter 11 Trustee, Counsel To The Chapter 11 Trustee, And Counsel For The Official Committee Of Unsecured Creditors Of Shubh Hotels Pittsburgh, LLC To Seek Their Approval And Consent To Payment Of Portions Of Lender's Accrued Professional Fees And Expenses As Provided For In Consented To Order Modifying Debtor-In-Possession Financing And Use Of Cash Collateral, upon a cause whereof the following is a statement, to wit:

1.   The above-captioned case was commenced by the Debtor's filing of a voluntary petition for relief, pursuant to the provisions of Chapter 11 of Title 11 of the United States Codes, 11 U.S.C. Section 101 et seq. on September 7, 2010.

2.   Movant herein was duly appointed Chapter 11 Trustee of the case, pursuant to the provisions of Section 1104(d) and the Court, by its Order of February 7, 2011, approved said appointment.[1]

---

[1] The Order of February 7, 2011 approved the appointment of the Chapter 11 Trustee on an Interim basis, providing, inter alia, parties in interest have seven (7) days within which to object to the U.S. Trustee's recommendation for the appointment of James R. Walsh, Esquire, to serve as the Chapter 11 Trustee, with the proviso that if no objections are filed within said time period, the Interim Appointment shall automatically become a permanent appointment without need for further Order of Court, and that if an objection is timely made, that the Court would thereupon set a hearing on said Objection To Recommendation Of Appointment By U.S. Trustee. No objections to said appointment were filed and as such, said Interim Appointment became a permanent appointment.

3. Respondents, Carbon Capital II Real Estate CDO 2005-1, Ltd. ("Carbon"), BlackRock Financial Management, Inc, are entities with an address, for purposes of this proceeding, of c/o Gregory Taddonio, Esquire, Reed Smith, LLP, Reed Smith Centre, 225 Fifth Ave., Pittsburgh, Pa., 15222.

4. After a hearing held on November 12, 2010, the parties in attendance agreed and the Court granted Interim Approval for the Debtor to enter into an alternative Debtor-In-Possession senior lending facility with Carbon and BlackRock, for itself and as sub-servicer for Carbon, (the "Interim DIP Loan") by entry of an Interim Financing Order dated November 12, 2010 (the "Interim Financing Order").

5. On December 21, 2010, this Court entered a Final Order Approving Debtor-In-Possession Financing and Use Of Cash Collateral, including but not limited to Final DIP Financing ("Final Financing Order").

6. By Order dated February 1, 2011, the Court Ordered the appointment of a Chapter 11 Trustee.

7. As noted, supra, by Order dated February 7, 2011, the Court accepted the recommendation of the Office of the U.S. Trustee and approved the appointment of the Movant herein to serve as Chapter 11 Trustee.

8. As the result of the appointment of the Chapter 11 Trustee, the Debtor is no longer a Debtor-In-Possession, and the

Examiner heretofore appointed by the Court no longer serves as Examiner.

9. Further, the Final Financing Order only dealt with post-petition financing and the use of Cash Collateral through the period ending March 30, 2011, unless otherwise agreed between the Debtor-In-Possession and the Lender.

10. Carbon and BlackRock through their counsel, and the Chapter 11 Trustee, with the participation of counsel to the Official Committee of Unsecured Creditors (the "Committee") have, since the appointment of the Chapter 11 Trustee, been negotiating the terms and conditions of an Order Modifying Debtor-In-Possession Financing And Use Of Cash Collateral to, inter alia, allow the Estate, under the direction and control of the Chapter 11 Trustee, to avail itself of the Post-Petition Financing provisions of the Final Order, as well as to extend the term for the Post-Petition Financing and Use of Cash Collateral under the direction of the Chapter 11 Trustee from the period from March 31, 2011 through May 31, 2011, or such later date as may be agreed upon between the Borrower, under the direction and control of the Chapter 11 Trustee and the Lender.

11. Carbon and BlackRock, as well as the Estate, under the direction and control of the Chapter 11 Trustee, with the consent and participation of the Committee, acting through its counsel, have agreed upon the terms and condition of an Order Modifying Debtor-In-

Possession Financing And Use Of Cash Collateral, and said agreed upon terms and conditions are reflected in the Order attached hereto.

12. Attached hereto as Ex. "A" is the thirteen week operating budget for the hotel for the period of the extension period from the week ending March 5, 2011 through the week ending March 28, 2011.

13. Attached hereto as Ex. "B" is weekly budget for the week ending March 5, 2011, as Ex. "C" is weekly budget for the week ending March 12, 2011, and as Ex. "D" is weekly budget for the week ending March 19, 2011, each of which includes a reconciliation with the budget for and actual expenses for the previous week.

14. In the process of agreeing upon the terms and conditions of the proposed Order Modifying Debtor-In-Possession Financing And Use Of Cash Collateral, Carbon and BlackRock expressed concern regarding protecting and maintaining the confidentiality of Blackrock's billing statements produced and provided to the Chapter 11 Trustee, counsel to the Chapter 11 Trustee, and counsel for the Committee to seek their approval and consent to payment of portions of Lender's accrued professional fees and expenses as provided for in Consented To Order Modifying Debtor-In-Possession Financing And Use Of Cash Collateral.

15. To address these concerns regarding the maintaining and protecting of the confidentiality of BlackRock's billing statement, the parties, including the Committee, acting through its counsel, negotiated and agreed upon the terms and conditions of a consented to Protective Order pursuant to Pursuant to Rule 26(c) of the Federal

Rules of Civil Procedure, the provisions of which are attached to this Motion behind the proposed Order Modifying Debtor-In-Possession Financing And Use Of Cash Collateral.

16. The Trustee has not been promised any consideration for his agreement to the matters provided for herein other than as specifically set forth herein.

17. The Trustee does not believe that a better "net result" for the estate as regards this estate obtaining needed post-petition financing, or the use of cash collateral, through pursuit of litigation or further negotiation.

18. The continued availability of post-petition financing and the use of cash collateral is required for the desired reorganization of this debtor and its ability to continue operation pending the confirmation of a Plan of Reorganization.

19. The Chapter 11 Trustee believes and therefore avers that the approval of the Order Modifying Debtor-In-Possession Financing And Use Of Cash Collateral is in the best interests of the debtor, this estate, and the creditors of this estate.

WHEREFORE, the Chapter 11 Trustee does pray this Court to authorize, approve and enter the Orders authorizing and approving the Order Modifying Debtor-In-Possession Financing And Use Of Cash Collateral as well as the Order authorizing, approving and entering the agreed upon and consented to Protective Order, and further he does

authorize said counsel to file this Motion on his behalf.

                              SPENCE CUSTER SAYLOR WOLFE & ROSE, LLC

                              /s/James R. Walsh, Esquire _____
                              James R. Walsh, Esquire
                              Attorneys for Chapter 11 Trustee
                              400 Ameriserv Building
                              P.O. Box 280
                              Johnstown, PA  15907
                              Telephone: (814) 536-0735
                              PA I.D. #27901
                              Counsel To Chapter 11 Trustee

JRW/ Laptop III/Shubh Hotels Pittsburgh/ Motion To Authorize, Approve and Enter Order Modifying Debtor-In-Possession Financing And Use Of Cash Collateral And Related Consented To Protective Order/3-19-2011