N

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>SHUBH HOTELS PITTSBURGH, LLC,<br><br>    Debtor. | Bankruptcy Case No. 10-26337 JAD<br><br>Chapter 11<br><br>Judge Jeffery A. Deller |
| CARBON CAPITAL II REAL ESTATE CDO 2005-1, LTD., and BLACKROCK FINANCIAL MANAGEMENT, INC., as sub-special servicer to CARBON CAPITAL II REAL ESTATE CDO 2005-1, LTD.'s special servicer, MIDLAND LOAN SERVICES, INC.,<br><br>    Movants<br><br>v.<br><br>SHUBH HOTELS PITTSBURGH, LLC,<br><br>    Respondent. | Doc # 846 |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Protective Order has been entered by Court.

**Proceedings and Information Governed.**

    1.    This Order and any amendments or modifications hereto ("Protective Order") shall govern the production by BlackRock Financial Management, Inc. ("BlackRock") of its billing records ("Confidential Attorney Eyes Only Information") from its counsel Reed Smith LLP ("Reed Smith") to the Chapter 11 Trustee ("Trustee"), counsel to the Trustee, and Leech Tishman Fuscaldo & Lampl, LLC, counsel for the Official Committee of Unsecured Creditors of Shubh Hotels Pittsburgh LLC ("Committee Counsel"). The Parties to this

Protective Order include BlackRock, the Trustee, counsel to the Trustee, and Committee Counsel.

**Purpose**

2. BlackRock produces the Confidential Attorney Eyes Only Information for the sole purpose of permitting the Trustee, the Trustee's Counsel, and Committee Counsel to review the Confidential Attorneys Eyes Only Information for reasonableness and agreement for payment consistent with the Order Modifying Debtor-In-Possession Financing and Use of Cash Collateral dated March __, 2011 (the "Modified DIP Order"). Nothing in this Order, nor the disclosures made hereunder, shall be deemed as a waiver of any attorney client privilege or work product doctrine asserted or may be asserted by BlackRock.

**Designation and Maintenance of Information.**

3. For purposes of this Protective Order, the Parties agree that the Confidential Attorneys Eyes Only Information constitutes information is which is not publicly known and is typically protected from disclosure under Fed. R. Civ. P. 26. All information disclosed under this Protective Order be designated as "Confidential Attorney Eyes Only" meaning that the statements comprised information that the BlackRock deems especially sensitive, which may include, but is not limited to, the activities taken by BlackRock's counsel to protect BlackRock's interests in the above captioned action. BlackRock shall label each page of the statements with the following legend:

**CONFIDENTIAL ATTORNEY EYES ONLY**

**INFORMATION SUBJECT TO PROTECTIVE ORDER**

**Inadvertent Failure to Designate.**

4. The inadvertent failure by BlackRock to designate or withhold any information as privileged will not be deemed to waive a later claim as to its privileged nature, or to stop BlackRock from designating such information as privileged at a later date in writing and

with particularity. The information shall be treated by the receiving party as privileged from the time the receiving party is notified in writing of the change in the designation.

**Disclosure and Use of Confidential Information.**

5. Information designated as Confidential Attorney Eyes Only Information may only be used for purposes of evaluating BlackRock's request for fees and expenses be paid in accordance with the provisions of the Modified DIP Order. Confidential Attorney Eyes Only Information may not be used under any circumstances for any other purpose.

6. Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) the Chapter 11 Trustee; (b) counsel for the Chapter 11 Trustee; (c) Committee Counsel; and (d) supporting personnel employed by (a)-(c), such as paralegals, legal secretaries, and legal clerks. There shall be no other disclosure without the express, written consent of BlackRock.

**No Filing Documents With the Court.**

7. The Parties agree that under no circumstances shall the Confidential Attorneys Eyes Only Information be filed with the Court; except that BlackRock may file such Confidential Attorney Eyes Only Information, in its sole discretion, upon application for payment by BlackRock of its reasonable fees, costs, or charges consistent with the provisions of Section 506 of the Bankruptcy Code. To the extent Confidential Attorneys Eyes Only Information or information derived thereform is filed with the Court, any such filing shall be made by complying with the local rules on filing documents under seal.

**No Prejudice.**

8. Producing or receiving Confidential Attorneys Eyes Only Information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Confidential Attorney Eyes Only Information contains or reflects trade secrets or any other type of confidential, privileged, or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the

party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that Confidential Attorneys Eyes Only Information being produced hereunder is not confidential, privileged, or proprietary; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**Conclusion of Litigation.**

9. Upon request of BlackRock, and in no event less than sixty (60) calendar days following the effective date of any plan of reorganization confirmed in this case, each party or other person subject to the terms of this Protective Order shall destroy or return to BlackRock via Reed Smith, all Confidential Attorney Eyes Only Information.

**Other Proceedings.**

10. By entering this Order and limiting the disclosure of the Confidential Attorney Eyes Only Information being produced under this Order, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Protective Order that may be subject to a motion to disclose another party's information designated Confidential Attorney Eyes Only Information pursuant to this Protective Order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

11. This order is subject to modification upon motion by a Party and approval by the Court. Further, any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Order.

12. To the extent there are any inconsistencies between this Order and the Modified DIP Order, the terms of the Modified DIP Order shall control.

Dated: March 29, 2011

United States Bankruptcy Judge
Jeffery A. Deller

FILED
MAR 29 2011
CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

-4-

March 3, 2011                               Respectfully submitted,


                                            /s/ Gregory L. Taddonio
                                            Robert P. Simons, Esq. (PA ID No. 48892)
                                            rsimons@reedsmith.com
                                            Amy M. Tonti, Esq. (PA ID No. 33468)
                                            atonti@reedsmith.com
                                            Gregory L. Taddonio, Esq. (PA ID No. 88564)
                                            gtaddonio@reedsmith.com
                                            Jeffrey G. Wilhelm (PA ID No. 201935)
                                            jwilhelm@reedsmith.com

                                            Reed Smith LLP
                                            Reed Smith Centre
                                            225 Fifth Avenue
                                            Pittsburgh, PA 15222-2716
                                            Phone:  (412) 288-3131
                                            Fax:    (412) 288-3063


                                            *Attorneys for Plaintiffs, Carbon Capital II Real
                                            Estate CDO 2005-1, Ltd. and BlackRock Financial
                                            Management, Inc., as sub-special servicer to
                                            Carbon Capital II Real Estate CDO 2005-1, Ltd.'s
                                            special servicer, Midland Loan Services, Inc.*