# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>SHUBH HOTELS PITTSBURGH, LLC,<br>    Debtor.<br><br>DR. KIRAN C. PATEL, and PITTSBURGH GRAND, LLC,<br><br>v.<br><br>SHUBH HOTELS, LLC,<br>    Claimant. | Bankruptcy Case No. 10-26337 JAD<br><br>Chapter 11<br><br>Judge Jeffrey A. Deller<br><br>Related Docket No.: 927, 929<br><br>Hearing Date and Time: May 12, 2011<br>                                          9:00 a.m. |

**SHUBH HOTELS, LLC'S OBJECTION TO CONFIRMATION OF THE MODIFIED
SECOND AMENDED PLAN OF REORGANIZATION DATED APRIL 6, 2011**

SHUBH HOTELS, LLC ("HOTELS"), by and through undersigned counsel, hereby files this Objection and states as follows:

1. <u>Procedural History</u>:  On September 9, 2010, Shubh Hotels Pittsburgh, LLC filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code.  Pittsburgh Grand, LLC and Dr. Kiran Patel filed their Second Amended Disclosure Statement in Connection with Second Amended Plan of Reorganization Dated April 6, 2011 (the "Second Amended Disclosure Statement").  HOTELS filed a proof of claim in the amount of $15,227,670.09 dated January 18, 2011 (Claim #68).

2. <u>Objection</u>:  HOTELS objects to the Second Amended Plan of Reorganization insofar as it:

    (a)  fails to allow HOTELS to vote as a class participant and improperly deprives it of a vote even though HOTELS timely submitted a Proof of Claim.  *See In re South Canaan*

*Cellular Investments, Inc.*, 427 B.R. 44, 81 (Bankr.E.D.Pa.2010) (Provisions of statute requiring that Chapter 11 plan provide same treatment for each claim or interest of a particular class, unless holder of particular claim or interest agrees to less favorable treatment, apply to all classes of claims, even those classes that include insider and non-insider claims); *In re PPI Enterprises (U.S.), Inc.*, 324 F.3d 197 (C.A.3.Del.2003). (There is a presumption that proposed Chapter 11 plan impairs creditor's claim, so as to give creditor a vote on whether plan should be confirmed, and burden is on debtor to demonstrate that plan leaves creditor's rights unaltered… To determine whether creditor's claim is "impaired," so as to give it standing to vote upon confirmation of proposed Chapter 11 plan, court must examine whether plan itself is source of limitation on creditor's legal, equitable, or contractual rights.);

    (b)   improperly requires for a release from HOTELS without providing HOTELS with a vote, without the release being "mutual," and without sufficient consideration for the release. *See In re Saxby's Coffee Worldwide, LLC*, 436 B.R. 331, 337-38 (Bankr.E.D.Pa.2010) (Court may approve third-party release only when a Chapter 11 reorganization plan is widely supported by the creditor constituency that includes the parties being restrained, the plan accords significant benefits to that constituency, and the court is satisfied that the creditors being restrained also are being treated fairly … Third-party release cannot be granted as part of Chapter 11 plan simply because it is necessary for debtor's reorganization.). This Plan requirement is expressly prohibited as legally and factually unsupportable by the Third Circuit. *See In re Continental Airlines*, 203 F.3d 203, 212 (Bankr.C.A.3.Ct.2000) ("'The bankruptcy court has no power to discharge the liabilities of a nondebtor pursuant to the consent of creditors as part of a reorganization plan.'" (citation omitted).).

      (c)    fails to properly identify Shubh Hotels Pittsburgh Investments, LLC including, but not limited to, its members and its interests in Shubh Hotels Pittsburgh, LLC.

WHEREFORE, SHUBH HOTELS, LLC objects to the Second Amended Plan of Reorganization [D.E. #927] and requests this Court enter an order mandating its amendment and for any and all further such relief as this Court may deem appropriate.

Dated: May 4, 2011

                                                **GRUMER & MACALUSO, P.A.**
                                                Attorneys Atul Bisaria and Shubh Hotels, LLC
                                                One East Broward Boulevard
                                                Suite 1501
                                                Fort Lauderdale FL 33301
                                                (954) 713-2700; (954) 713-2713 (Fax)
                                                kgrumer@grumerlaw.com

By:  *\s\ Keith T. Grumer, Esq.*
        KEITH T. GRUMER
        FL. Bar No: 504416
        Admitted *pro hac vice*