IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| IN RE: | Bankruptcy Case No. 10-26337 |
|---|---|
| SHUBH HOTELS PITTSBURGH, LLC., Debtor. | Chapter 11 |
| | Judge Jeffery A. Deller |
| | Plan Hearing Date: May 12, 2011 |
| | Objection / Response Date: May 5, 2011 |

**LIMITED OBJECTION ON BEHALF OF RUDOV & STEIN, P.C. AND SCOTT M. HARE, AS DEBTOR'S COUNSEL TO SECOND AMENDED CHAPTER 11 PLAN OF DR. KIRAN C. PATEL AND PITTSBURGH GRAND, LLC DATED APRIL 6, 2011**

COME NOW, Debtor's counsel, David K. Rudov, Esq. and the law firm of Rudov & Stein, P.C. and Scott M. Hare, Esq., and in support of this Limited Objection to the Second Amended Chapter 11 Plan (the "Plan") proposed by Dr. Kiran C. Patel and Pittsburgh Grand, LLC dated April 6, 2011 represent as follows:

1. This case was commenced by the voluntary filing of a chapter 11 petition on September 7, 2010. On or about September 8, 2011, the undersigned counsel filed their joint application to serve as counsel for the Debtor-in-Possession. By Order dated November 4, 2010, the undersigned were approved as counsel to the Debtor-in-Possession.

2. By Order dated January 31, 2011, the Court supplanted the authority of the Debtor to act as a Debtor-In-Possession and Ordered the appointment of a Chapter 11 Trustee. By Order dated February 7, 2011, James Walsh was appointed as the Chapter 11 Trustee.

3. While the appointment of the Trustee did not deprive the Debtor of having counsel, it did effectively terminate the ability of the undersigned to be compensated for their services from the Debtor's estate. Notwithstanding the inability to be compensated for their efforts, the undersigned counsel have continued to work in good faith to provide all of the parties in the case with continuing assistance, background, information, access to files and their considerable knowledge gained throughout the term of their appointment.

4. In Section 14.1 of the Plan, the undersigned Debtor's counsel are categorized as "**Third Party Releasors**" along with Atul Basaria, Mihu Basaria, Shubh Hotels Pittsburgh Investment, LLC, Shubh Hotels Pittsburgh Acquisitions, LLC and Shubh Hotels, LLC or any of their respective affiliates, representatives or agents ("Basaria Entities"), and Jay Lalwani, Vani Lalwani, Black Diamond Hospitality, LLC, Black Diamond Hotel Group, LLC and Black Diamond Hotels Supergroup, LLC or any of their respective affiliates, representatives or agents ("Lalwani Entities"). Collectively, Debtor's counsel and the Basaria and Lalwani entities are jointly - and inappropriately - grouped together as "Third Party Releasors".[1]

5. At Section 14.3 of the Plan, the Plan Proponents are to use "reasonable efforts" to obtain releases by Debtor's counsel of the Lender and its representatives, broadly defined, to effect a consensual reorganization of the Debtor's affairs.

6. Consistent with this objective, counsel for the Lender has provided Debtor's counsel with proposed Mutual Release documents. (See Exhibit A.)

7. For several weeks, the undersigned counsel have been corresponding with counsel for the Lender and Plan Proponents to determine why any Releases from them are required. Neither the Lender nor the Plan Proponents can offer any reason why Debtor's counsel should be issuing a Release to the Lender and its representatives. Debtor's counsel object to any requirement under the Plan that they give, or be deemed to have given, a Release to any parties. Such an unusual provision is neither a standard term in a chapter 11 plan nor is it specially warranted in this case. Indeed, no reason has been offered for this unusual provision.

8. Moreover, the Plan purports to provide all other professionals in the case with Exculpation and Release without requiring such other professionals to give a release (see Section 14.8), but excludes Debtor's counsel from such treatment.

---

[1] Debtor's counsel suggest that, to the extent they are contemplated to be Releasors, they should have been identified as a Plan Releasor as they are a "Professional" to the Debtor. *See*, definition of Plan Releasor in the Plan Support Agreement on page 4 of Exhibit "I" of the Plan. Debtor's counsel cannot understand why they were placed in the same class as the Bisaria Entities or the Lalwani Entities other than to cast them in a bad light. Debtor's counsel's repeated inquiries on this topic have not been answered.

WHEREFORE, the Debtor's counsel prays that the attached Order be entered.

        Respectfully submitted,
        Rudov & Stein, P.C.

        ***/s/ David K. Rudov***
        David K. Rudov, Esq.
        drudov@rudovstein.com
        Pa. I.D. # 35579

        100 First Avenue, Suite 500
        First & Market Building
        Pittsburgh, PA 15222
        Tel:    412-281-7300

            AND

        ***/s/ Scott M. Hare***
        Scott M. Hare, Esquire
        scott@scottlawpgh.com
        Pa. I.D. # 63818

        1806 Frick Building
        437 Grant Street
        Pittsburgh, PA 15219
        Tel:    412-338-8632