# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy Case No. 10-26337-JAD |
| | : | |
| SHUBH HOTELS PITTSBURGH, LLC, | : | Chapter 11 |
| | : | |
| Debtor. | : | Judge Jeffery A. Deller |
| | : | |
| | : | Document No. ___ |
| | : | |
| | : | Related to Document Nos. 738, 798, 888, 927, 934 |
| | : | |
| | : | Hearing Date and Time: May 12, 2011 at 9:00 a.m. |
| | : | |
| | : | Response Date and Time: May 5, 2011 |

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SHUBH HOTELS PITTSBURGH, LLC TO SECOND AMENDED CHAPTER 11 PLAN PROPOSED BY DR. KIRAN C. PATEL AND PITTSBURGH GRAND, LLC DATED APRIL 6, 2011**

AND NOW comes the Official Committee of Unsecured Creditors of Shubh Hotels Pittsburgh, LLC (the "Committee"), by and through its undersigned counsel, Leech Tishman Fuscaldo & Lampl, LLC and files the within Response to the Second Amended Chapter 11 Plan Proposed by Dr. Kiran C. Patel and Pittsburgh Grand, LLC Dated April 6, 2011 (the "Response"), averring as follows:

## I. BACKGROUND

1. Shubh Hotels Pittsburgh, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, on September 7, 2010.

1

2. On September 24, 2010, the Office of the United States Trustee appointed the Committee in this case.

3. On February 1, 2011, the Court entered an Order appointing a Chapter 11 Trustee.

4. On February 7, 2011, the United States Trustee appointed James R. Walsh as the Chapter 11 Trustee, which was approved by the Court on that same day.

5. Also on February 7, 2011, Dr. Kiran Patel ("Dr. Patel") and Pittsburgh Grand, LLC ("Pittsburgh Grand," and, together with Dr. Patel, the "Plan Proponents") filed a Chapter 11 Plan Proposed by Dr. Kiran Patel and Pittsburgh Grand, LLC Dated February 7, 2011 [Docket No. 738] (the "Original Patel Plan") and Disclosure Statement in Connection with Plan of Reorganization Dated February 7, 2011 [Docket No. 739] (the "Original Patel Disclosure Statement").

6. On March 8, 2011, the Plan Proponents filed their First Amended Chapter 11 Plan Proposed by Dr. Kiran C. Patel and Pittsburgh Grand, LLC, Dated March 8, 2011 [Docket No. 798] (the "Amended Patel Plan") and First Amended Disclosure Statement in Connection with First Amended Plan of Reorganization Dated March 8, 2011 [Docket No. 799] (the "Amended Patel Disclosure Statement").

7. On March 28, 2011 the Plan Proponents filed their Second Amended Chapter 11 Plan Proposed by Dr. Kiran C. Patel and Pittsburgh Grand LLC, Dated March 28, 2011 [Docket No. 888] (the "Second Amended Patel Plan") and Second Amended Disclosure Statement in Connection with Second Amended Plan of Reorganization Dated March 28, 2011 [Docket No. 889] (the "Second Amended Patel Disclosure Statement").

8. On April 6, 2011, the Plan Proponents filed a Modified Second Amended Chapter 11 Plan Proposed Dr. Kiran C. Patel and Pittsburgh Grand, LLC, Dated April 6, 2011 [Docket No. 927] (the "Modified Second Amended Plan").

9. On April 6, 2011, the Plan Proponents filed a Modified Second Amended Disclosure Statement in Connection with Modified Second Amended Plan of Reorganization dated April 6, 2011 [Docket No. 929] (the "Modified Second Amended Disclosure Statement").

10. On April 8, 2011, the Bankruptcy Court entered its Order (I) Approving the Modified Second Amended Disclosure Statement (II) Scheduling Hearing on Plan Confirmation of the Modified Second Amended Chapter 11 Plan; (III) Setting Hearing on Fee Applications; (IV) Establishing Various Deadlines Related to Plan Confirmation; (V) Approving Solicitation and Voting Procedures; (VI) Approving Cure Claim Procedures; and (VII) Approving the Committee Solicitation Letter [Docket No. 934] (the "Order Approving Modified Second Amended Disclosure Statement").

11. The Order Approving Modified Second Amended Disclosure Statement provides that May 5, 2011 is the deadline upon which parties may object to the Modified Second Amended Plan.

12. Initially, the Committee would note that it is in agreement with and supports the treatment of Allowed Class 4 and Class 5 Claims as provided under the Modified Second Amended Plan, and the agreement of the Committee to this treatment was the result of <u>extensive</u> negotiation with the Plan Proponents, Chapter 11 Trustee, Lender and other related parties.

13. The treatment of Allowed Class 4 and Class 5 Claims embodied in the Modified Second Amended Plan contemplate the execution by the Debtor, Plan Proponents, Reorganized Debtor and/or various other parties, as applicable, certain ancillary documents necessary to carry

3

out the intentions of the Modified Second Amended Plan relating to the treatment of Allowed Class 4 and Class 5 Claims.

14. These ancillary documents are set forth in the First and Second Plan Supplements filed by the Plan Proponents on April 27, 2011 and April 29, 2011, respectively. While the Committee believes these ancillary documents are substantially in final form, there may need to be additional modifications and/or revisions. The Plan Proponents indicate as much in the First and Second Plan Supplement filings.

15. Additionally, the Committee anticipates that a proposed order seeking confirmation of the Modified Second Amended Plan will be presented to this Court. Said order will undoubtedly contain certain proposed findings of fact and conclusions of law, and may in some instances, provide for certain modifications/clarifications to the terms of the Modified Second Amended Plan. The Committee has not yet been presented with such proposed order.

16. Finally, the Second Plan Supplement filed by the Plan Proponents contained numerous requested changes to the Modified Second Amended Plan and make reference to various Wyndham transaction documents that have not been provided to the Committee. The Committee has had the chance to preliminarily comment upon the requested modifications to the Modified Second Amended Plan. However, it is the Committee's understanding that based upon the disclaimers contained in the Second Plan Supplement, the proposed amendments to the Modified Second Amended Plan are not yet final and remain subject to further modification.

17. For the reasons set forth herein, the Committee files the following responses to the Modified Second Amended Plan:

**II.  RESPONSE**

18. By this response, the Committee reserves its rights to participate in, object to, and comment upon any further negotiations, additions, modifications and/or similar matter relating to: (i) the ancillary documents attached to the First and Second Plan Supplements; (ii) the proposed order seeking confirmation of the Modified Second Amended Plan; and (iii) any proposed amendments to the Modified Second Amended Plan as set forth in the Second Plan Supplement.

19. By this response, the Committee reserves its rights to participate in, object to, and comment upon any further negotiations, additions, modifications and/or similar matters relating to documents indentified in the Second Plan Supplement as documents that will be filed at a later date, namely, among others, documents relating to Wyndham and the Wyndham transactions.[1]

20. By example, and without limiting the rights of the Committee reserved above, the Secured Promissory Note (attached as Exhibit F to the Second Plan Supplement) fails to reference the Subordination Agreement (attached to the First Plan Supplement as Exhibit D) subordinating the Plan Loan Lenders' right to payment under the Secured Promissory Note to Allowed Class 5 Claims and the Creditor Trust upon the occurrence of a Class 5 Event of Default. The Committee had requested that a reference to the Subordination Agreement be included in the Secured Promissory Note to place potential third party assignees, purchasers, or

---

[1] The Second Plan Supplement states: "The Plan Proponents intend to make additional documents which are still subject to ongoing negotiations available on the website, including but not limited to the Mezzanine Loan Pledge Agreement, the Hotel Management Agreement, the assignment of Management Agreement and other documents affecting the Reorganized Debtor, Blackrock, and/or Wyndham but not necessarily having an effect upon other creditors under the second amended plan as soon as they become available in mutually satisfactory form and are subject to change in order to obtain mutual consent."

other parties who may become holders of the Secured Promissory Note, on notice of the Subordination Agreement.

21. By way of further example, and without limiting the rights of the Committee reserved above, the Committee submits that any order confirming the Modified Second Amended Plan should contain a provision that makes it clear that nothing in the Modified Second Amended Plan or the order confirming the Modified Second Amended Plan, should be construed as a finding or conclusion by the Court that Dr. Patel has an Allowed general unsecured claim and/or that Dr. Patel loaned money to the Debtor. In the event of a Class 5 Event of Default, the Committee has the right to object to or otherwise contest the validity of Dr. Patel's alleged unsecured claim and whether he actually loaned money to the Debtor or made equity/investment capital contributions to the Debtor. This issue was raised during the hearing on the Second Amended Disclosure Statement, at which time counsel for the Committee indicated the same could be addressed in any order confirming the Modified Second Amended Plan.

22. The Committee submits that the reservation of rights set forth above is necessary to ensure that any ancillary documents, modifications, and/or amendments to the Modified Second Amended Plan or other documents, pleadings or orders being submitted in conjunction with the Modified Second Amended Plan are consistent with the terms and conditions of the treatment of Allowed Class 4 and Class 5 Claims as agreed to and negotiated by the Committee.

WHEREFORE, the Committee respectfully requests that this Response be made a part of the record at the hearing to be held on this matter and that this Honorable Court enter the relief it believes just and proper.

Dated: May 5, 2011

Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL, LLC

By:   */s/ John M. Steiner*
     David W. Lampl (Pa. I.D. No. 28900)
     John M. Steiner (Pa. I.D. No. 79390)
     Crystal H. Thornton-Illar (Pa. I.D. No. 93003)
     525 William Penn Place, 30th Floor
     Pittsburgh, PA 15219
     (412) 261-1600 (Phone)
     (412) 227-5551 (Fax)
     dlampl@leechtishman.com
     jsteiner@lechtishman.com