IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| SHUBH HOTELS PITTSBURGH, LLC, | : | Bankruptcy No. 10-26337-JAD |
| | : | |
| Debtor. | : | Chapter 11 |
| | : | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SHUBH HOTELS PITTSBURGH, LLC, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | Doc. No. 469 |
| | : | |
| ATUL BISARIA, | : | |
| | : | |
| Respondent. | : | |

**MEMORANDUM OPINION**

The matter before the Court is the *Motion to Enforce Automatic Stay Provisions of 11 U.S.C. § 362(a)(3) and for Contempt and Payment of Sanctions/Damages Pursuant to 11 U.S.C. § 362(k)(1)* (the "Motion") filed by the Official Committee of Unsecured Creditors of Shubh Hotels Pittsburgh, LLC (the "Committee"). The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). For the reasons set forth below, the Motion will be granted.[1]

---

[1] At the January 31, 2011 hearing on the Motion, the Committee agreed to withdraw its request for sanctions/damages resulting from the alleged violation of the automatic stay. (See Transcript of Hearing Held January 31, 2011, pp. 62, 67).

## I.

Shubh Hotels Pittsburgh, LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code on September 7, 2010. The Motion seeks to enforce the automatic stay with regard to the filing of a six-count complaint (the "Complaint") on October 14, 2010, by Atul Bisaria ("Bisaria") in the United States District Court for the Southern District of Florida (the "Florida Action").[2] The Complaint was filed against HLT Existing Franchise Holding, LLC d/b/a Hilton Hotels Corporation ("Hilton"), Blackrock Financial Management, Inc. ("Blackrock"), and Reed Smith, LLP ("Reed Smith") (collectively referred to as the "Defendants"). The allegations in the Complaint arise out of the alleged conduct of the Defendants regarding the Debtor's acquisition, ownership, and management of a 713 room hotel property located at 600 Commonwealth Place, Pittsburgh, Pennsylvania 15222 (the "Hotel").

The Complaint asserts claims against the Defendants for breach of the implied covenant of good faith and fair dealing and for "tortuous [sic] interference with [Bisaria's] advantages [sic] business relationship[s]" existing between the Debtor/Bisaria[3] and several entities, including the Defendants. (Doc. #469, "Exhibit A, Part 1", ¶ 56). Specifically, the Complaint alleges that Blackrock conspired with

---

[2] The Florida Action was originally commenced in the Fort Lauderdale Division of the United States District Court for the Southern District of Florida and assigned Case No. 10-cv-61949-WPD. Pursuant to a request from Bisaria, the case was transferred to the West Palm Beach Division of the United States District Court for the Southern District of Florida and was re-assigned Case No. 10-cv-81215-WPD.

[3] In the original Complaint, Bisaria claims that "Bisaria was Shubh Pittsburgh" (Complaint, ¶ 12), and uses his name interchangeably with that of the Debtor.

00005950.WPD                                -2-

Hilton to induce a breach of Blackrock's loan agreement with the Debtor via the termination of a franchise agreement between the Debtor and Hilton. The Complaint also alleges that in complicity with the above acts, Reed Smith intentionally withheld funds belonging to the Debtor.

The Motion requests that the Florida Action should be dismissed and that Bisaria should be enjoined from prosecuting the claims alleged therein. In support, the Motion contends Bisaria is asserting claims, which, if they exist, belong to the Debtor's estate and not to Bisaria individually. As a result, the Committee further contends that the filing of the Florida Action was an attempt to exercise control over property of the estate and is therefore void.[4]

In response to the Committee's Motion, Bisaria concedes that the Complaint "was poorly drafted", but insists that a proposed amended complaint (the "Amended Complaint"), which has yet to be filed, alleges independent causes of action against the Defendants based on the Defendants' alleged "tortious interference with [Bisaria's] business relationship with the Debtor." (*Memorandum in Opposition to Motion to Enforce Automatic Stay*, Doc. #620, p. 5). Following a careful review of the Amended Complaint,[5] this Court must disagree.

---

[4] The Committee also suggests that, given the allegations in the Complaint, the Debtor would be an indispensable party to the Florida Action. (See Hr'g Tr. 52-53). Such an issue may only be appropriately raised before the United States District Court for the Southern District of Florida through a motion to dismiss. (See Fed.R.Civ.P. 12(b)).

[5] Bisaria attached a copy of the Amended Complaint as "Exhibit A" to his *Memorandum in Opposition to Motion to Enforce Automatic Stay* filed on the docket at Doc. #620.

**II.**

In examining the language of the Amended Complaint, and taking all allegations contained therein as true, Bisaria has failed to allege any injury independent from the alleged injuries to the Debtor. Therefore, just as with the claims in the Complaint, the causes of action asserted in the Amended Complaint are property of the Debtor's estate.[6]

**A.**

It is well settled that causes of action may be considered property of a debtor's estate. See United States v. Whiting Pools, Inc., 462 U.S. 198, 205 n.9 (1983) ("The scope of this paragraph [§ 541(a)(1)] is broad. It includes all kinds of property, including tangible or intangible property, causes of action . . . and all other forms of property currently specified in section 70a of the Bankruptcy Act.") (citing S. Rep. Mo. 95-989, p. 82 (1978)). It is equally understood that whether a particular state law cause of action against a non-debtor is property of the estate "depends on whether under applicable state law the debtor could have raised the claim as of the commencement of the case." Highland Capital Mgmt. LP v. Chesapeake Energy Corp. (In re Seven Seas Petroleum, Inc.), 522 F.3d 575, 584 (5th Cir. 2008). To determine whether a debtor could have raised the claim prepetition, courts examine the nature

---

[6] In Bisaria's *Memorandum in Opposition to Motion to Enforce Automatic Stay,* he states that in order to deny the Committee's Motion, "this Court need only determine that Bisaria's litigation is against parties other than the Debtor and seeks damages which are not part of the Debtor's assets." (Doc. #620, p. 4). This statement is evidence that Bisaria may have misconstrued the issue. This Court understands that Bisaria is not seeking to recover assets of the Debtor's estate through the causes of action alleged. The problem is that the causes of action themselves are property of the estate, and therefore Bisaria's attempts to assert them constitute a violation of the automatic stay.

of the claim under state law and the relationship between the debtor and the injury alleged. Id.

If the cause of action is one that, under state law, "is a general one, with no particularized injury arising from it, and that claim could be brought by any creditor of the debtor . . ." it will constitute property of the estate. Kalb, Voorhis & Co. v. American Financial Corporation, 8 F.3d 130, 132 (2d Cir. 1993) (quoting St. Paul Fire and Marine Ins. Co. v. PepsiCo, Inc., 884 F.2d 688, 700-01 (2d Cir. 1989)).

Conversely, a cause of action that is "personal" to a creditor will not be property of the estate. In re Teknek, 563 F.3d 639, 646 (7th Cir. 2009). "Personal" causes of action are "those in which the claimant has been harmed and 'no other claimant or creditor has an interest in the cause.'" Id. quoting Fisher v. Apostolou, 155 F.3d 876, 879 (7th Cir. 1998). To allege a "personal" cause of action, the plaintiff must show the harm suffered was more than just consequence of direct harm to the debtor. See Schertz-Cibolo-Universal City v. Wright (In re Educators Group Health Trust), 25 F.3d 1281, 1284 (5th Cir.1994) ("If a cause of action alleges only indirect harm to a creditor (i.e., an injury which derives from harm to the debtor), and the debtor could have raised a claim for its direct injury under the applicable law, then the cause of action belongs to the estate.").

In the Amended Complaint, Bisaria asserts a cause of action against each of the Defendants for "tortuous [sic] interference with [Bisaria's] advantages [sic]

business relationship with [the Debtor]. . . ."[7] (Doc. #620, "Exhibit A," Amended Complaint, ¶¶ 40, 45, 50). In Florida,[8] an action for tortious interference with an advantageous business relationship requires four elements: "(1) the existence of a business relationship . . . (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." Ethan Allen v. Georgetown Manor, 647 So. 2d 812, 814 (Fla. 1994) (quoting Tamiami Trail Tours, Inc. v. Cotton, 463 So. 2d 1126, 1127 (Fla. 1985)). At first blush, it is arguable that the causes of action in the Amended Complaint are not property of the Debtor because they purportedly concern Bisaria's relationship with the Debtor. However, because the alleged injury to Bisaria rests entirely on direct injuries to the Debtor, Bisaria has failed to allege a "personal" cause of action.

In the Amended Complaint, Bisaria alleges that his "business relationship" (i.e. status as an alleged shareholder and disputed creditor) with the Debtor was harmed

---

[7] As part of the Amended Complaint, Bisaria has voluntarily withdrawn the Counts I and II of the Complaint, originally asserted against Hilton and Blackrock for breach of the implied covenant of good faith and fair dealing. (See Doc. #620, p. 5).

[8] Counsel for Bisaria appears to indicate that Florida law applies. (See Hr'g Tr. 56, lns. 1-14). Meanwhile, counsel for the Committee does not oppose Bisaria's assertion and indicates that the application of either Pennsylvania or Florida may be appropriate. (See Hr'g Tr. 58, lns. 11-20). While this Court makes no final determination as to what state law applies to the Claims asserted by Bisaria, the Court notes there appears to be little difference between the two state laws with regard to tortious interference claims. See e.g., Land-Cellular Corp. V. Zokaites, No. 05-23168-CIV, 06-60349, 2006 WL 3039964, at *10 (S.D. Fla. Sept. 26, 2006) ("The Parties agree . . . that both Pennsylvania and Florida require substantially identical elements to prove a claim of tortious interference with business relations."); Hodges v. Buzzeo, 193 F.Supp.2d 1279, 1284 (M.D. Fla. 2002) (noting that a claim for tortious interference under the substantive law of Florida, Arizona and Pennsylvania appear to be based on Prosser's Restatement 2nd of Torts § 766).

because: 1) Blackrock allegedly encouraged Hilton to terminate Hilton's franchise relationship <u>with the Debtor</u>; 2) Hilton allegedly encouraged Blackrock to "breach Blackrock's relationship" <u>with the Debtor</u>; and 3) Reed Smith allegedly <u>withheld funds from the Debtor</u>. (<u>See</u> Amended Complaint, ¶¶ 41, 46, 51). Despite the label Bisaria ascribes to his causes of action, which is "personal" in name only, the Amended Complaint seeks to recover for alleged acts that directly injured the Debtor, <u>not</u> Bisaria.

In fact, the Amended Complaint fails to describe <u>any</u> direct injury to Bisaria's "business relationship" with the Debtor, but instead repeatedly references harm occurring to the Debtor as a result of the Defendants' alleged acts.[9] By way of example, paragraphs eighteen and twenty-one allege that despite the Debtor's cure of all financial defaults "Hilton <u>declared default on [the Debtor]</u>"; paragraph twenty-five alleges that Blackrock seized funds from the operating accounts <u>of the Debtor</u>;

---

[9] While the issue of whether Bisaria has effectively asserted a valid cause of action is not before this Court (<u>See</u> <u>In re Seven Seas Petroleum, Inc.</u>, 522 F.3d at 584), Bisaria's standing and the causes of action asserted in Amended Complaint appear questionable for a myriad of reasons. For example, Bisaria does not identify any direct business or contractual relationship between himself and the Debtor. Rather Bisaria's only pre-bankruptcy contractual link to the Debtor was through two entities: the first is Shubh Hotels Pittsburgh Acquisitions, LLC (a Delaware LLC) which owned 1% of the Debtor, and of which Bisaria was the 100% owner; the second was Shubh Pittsburgh Investments, LLC (a Florida LLC), which owned the remaining 99% of the Debtor and of which Bisaria only owned 51%, with the remaining 49% owned by trusts established for various members of his immediate family. (<u>See</u> Doc. #75, p. 80). Bisaria also fails to allege that the Defendants took any action directly affecting the alleged relationship between Bisaria and the Debtor, or that the Debtor was somehow induced by Defendants to breach the relationship between Bisaria and the Debtor. (<u>See</u> <i>infra</i> pp. 7-8). Finally, Bisaria claims that because the Defendants "tortuously [sic] interfered with Bisaria's business relationship with [the Debtor]" he "suffered financial damages . . . " and his relationship with the Debtor was effectively ended. (Amended Complaint, ¶¶ 39, 41-42). However, Bisaria fails to mention that <u>he</u> voluntarily ceased his "business relationship" with the Debtor after the bankruptcy was filed and <u>prior</u> to filing the Complaint. (<u>See</u> Doc. #182).

and paragraph twenty-eight alleges that Reed Smith refused to release items outlined in the Debtor's budget and <u>declared the Debtor in default</u>. (See Amended Complaint, ¶¶ 18, 21, 25, 28). From the language in the Amended Complaint, it appears Bisaria has only alleged harm to his "business relationship" with the Debtor as an indirect consequence of these direct injuries to the Debtor. (See id. ¶¶ 41, 46, 51). Therefore, by definition, the injuries Bisaria's alleges are not "personal."

Further, review of the Amended Complaint in contrast to the Complaint originally filed, does not reveal any new factual allegations to support Bisaria's assertion of particularized harm. Rather, it appears to the Court that Bisaria has simply identified his "new" cause of action and sporadically substituted the Debtor's name for that of various third parties in an edental attempt to support his allegation of independent harm.[10] Unfortunately for Bisaria, merely alleging that independent harm exists does not mean that such a claim for independent harm is plausible.[11]

---

[10] As an example, in the remaining count against Blackrock, the phrase "Blackrock tortuously [sic] interfered with Bisaria's and Shubh Pittsburgh's existing business relationship with Hilton . . ." (Complaint, ¶ 57) was replaced with "Blackrock tortuously [sic] interfered with Bisaria's business relationship with Shubh Pittsburgh . . . ." (Amended Complaint, ¶ 41). In the remaining count against Hilton the phrase "Hilton's agreement with Blackrock encouraged Blackrock to breach its relationship with Shubh Pittsburgh and Bisaria . . ." (Complaint, ¶ 58) was replaced with "Hilton's agreement with Blackrock encourage Blackrock to breach its relationship with Shubh Pittsburgh, thereby damaging Bisaria's business relationship with Shubh Pittsburgh." (Amended Complaint, ¶ 46). Finally, in the remaining Count against Reed Smith the phrase "Reed Smith tortuously [sic] interfered with Shubh Pittsburgh and Bisaria's business relationships with its creditors and other third party business. . ." (Complaint, ¶ 65) was replaced with "Reed Smith tortuously [sic] interfered with Bisaria's business relationship with Shubh Pittsburgh . . . ." (Amended Complaint, ¶ 51).

[11] Once again, while the issue of whether Bisaria' has effectively asserted a valid cause of action is not before this Court, the Court is hard pressed to see how such a pleading could possibly survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). See <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (U.S. 2007) ("[A] plaintiff's obligation to provide the "grounds" of

(continued...)

It has been alleged that the Debtor was directly harmed by the Defendants' alleged actions. According to the pleadings, had funds not been allegedly withheld by Reed Smith and Blackrock, those funds would have been available to pay creditors. Had Hilton not allegedly been induced to terminate its franchise agreement with the Debtor, resulting in a default of the Debtor's loan agreement with Blackrock, the instant bankruptcy proceeding may never have been filed. Therefore, it is beyond dispute that the initiation of this bankruptcy case has impacted <u>all</u> creditors and equity holders, not only Bisaria. As a result of the allegations, it is clear that all of the causes of action asserted in the Amended Complaint are property of the Debtor's estate.

As Bisaria has not alleged any harm independent of that suffered by the Debtor, any cause of action is property of the estate to be administered for the benefit of creditors generally and not only to Bisaria. "To allow selected creditors to artfully plead their way out of bankruptcy court would unravel the bankruptcy process and undermine an ordered distribution of the bankruptcy estate." <u>National Am. Ins. Co. v. Ruppert Landscaping Co.</u>, 187 F.3d 439, 442 (4th Cir. Va. 1999) (citing <u>Litchfield Co. Ltd. Partnership v. Anchor Bank (In re Litchfield Co. Ltd. Partnership)</u>, 135 B.R. 797, 804 (W.D.N.C. 1992)).

---

[11](...continued)
his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .") (citing <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).

Subsequent to the filing of the Committee's Motion, this Court approved the appointment of a Chapter 11 Trustee in this case citing the level of acrimony between the parties involved. (See *Memorandum Opinion*, Doc. #721, p. 9). As a result of the acts alleged, this Court finds that the Chapter 11 Trustee maintains exclusive standing to assert and/or settle the claims resulting from it. See In re Educators Group Health Trust, 25 F.3d 1281 at 1284 ("If a cause of action belongs to the estate, then the trustee has exclusive standing to assert the claim.") (citing Matter of S.I. Acquisition, Inc., 817 F.2d 1142, 1153-54 (5th Cir. 1987)).

**B.**

It is undisputed that the filing of the Complaint did not occur until after the filing of the Debtor's bankruptcy petition. Additionally, this Court has now concluded that the claims asserted in the Complaint and Amended Complaint are property of the Debtor's estate. As a result, the filing of the Complaint was an attempt to "exercise control over property of the estate", which constitutes a violation of the automatic stay pursuant to 11 U.S.C. § 362(a)(3). See In re S.I. Acquisition, Inc., 817 F.2d 1142, 1153 (5th Cir. 1987) (holding the automatic stay applies to bar an attempt by a party other than the debtor in possession or trustee to bring a cause of action that is property of the estate).

Generally, acts that violate the automatic stay are void. In re Purnell, 92 B.R. 625, 627 (Bankr. E.D. Pa. 1988) ("It is generally recognized that actions taken in violation of the automatic stay generated by 11 U.S.C. § 362(a) are null and void.")

(citing cases, including Kalb v. Feuerstein, 308 U.S. 433, 84 L. Ed. 370, 60 S. Ct. 343 (1940)). Therefore, Bisaria's *ultra vires* act of filing the Complaint is void and the Complaint must be withdrawn or dismissed. Further, as this Court has also concluded that the causes of action asserted in the Amended Complaint are property of the Debtor's estate, Bisaria must be enjoined from pursuing such causes of action as well.

### C.

Following the above conclusion that the causes of action alleged by Bisaria in the Complaint and Amended Complaint are stayed, this Court must now consider whether to stay purportedly related litigation pending in a state court in New York.

At the January 31, 2011 hearing on the Motion, both lead and local counsel for Bisaria insinuated that Hilton had filed suit in the Supreme Court of New York, County of New York, "independently pursuing claims against Mr. Bisaria arising from these transactions . . ." (the "New York Action"). (Transcript of Hearing Held January 31, 2011, p. 55, lns. 20-21). As a result, counsels for Bisaria implied that if this Court were to stay the Florida Action it must also stay the New York Action in which Bisaria is a Defendant. (See Hr'g Tr. 64, lns. 10-24). In closing, lead counsel for Bisaria "clarified" that the New York Action was against both Bisaria and Shubh Hotels Boca, LLC, an entity that was "co-guarantor of obligations arising from these transactions." (Hr'g Tr. 68, lns. 10-14).

This Court will not stay the New York Action as, contrary to counsels' insinuations, the New York Action does not seek relief against either Bisaria or the

Debtor, nor does the complaint reference transactions involving the Debtor. In fact, the New York Action is limited to a claim for damages against Shubh Hotels Boca, LLC, following Hilton's April, 2009 termination of a franchise agreement for a DoubleTree hotel in Boca Raton, Florida. (See Doc. #724, "Exhibit A"). As lead counsel for Bisaria also represents Shubh Hotels Boca, LLC in the New York Action, counsel knew or should have known that Bisaria is not a party to the New York Action and that the New York Action did not concern any transactions involving the Debtor. Under the circumstances, there simply is no need or basis to stay the new York Action.

*[Remainder of Page Intentionally Left Blank]*

**III.**

Despite Bisaria's attempt to plead individual harm, Bisaria cannot escape the fact that any alleged harm resulting to the "business relationship" between Bisaria and the Debtor was derivative of direct harm to the Debtor. Therefore, the claims alleged in the Florida Action and the causes of action in the Amended Complaint are property of the Debtor's estate. As such, the filing of the Florida Action must be set aside as void because Bisaria's filing of the Complaint constituted a violation of the automatic stay. In addition, Bisaria will be enjoined from prosecuting the causes of action asserted in the Amended Complaint. Finally, because the New York Action neither lists Bisaria as a party, nor appears to concern transactions involving the Debtor, it will <u>not</u> be stayed. An appropriate order shall be entered.

**Dated:** May 16, 2011

JEFFERY A. DELLER
U.S. Bankruptcy Judge

**Case Administrator To Mail To:**
John M. Steiner, Esq.
Keith T. Grumer, Esq.
James R. Walsh, Esq.
Robert P. Simons, Esq.
Paul J. Cordaro, Esq.
Office of the U.S. Trustee

**FILED**

MAY 16 2011

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST OF PENNSYLVANIA