## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy Case No.: 10-26337 JAD |
| SHUBH HOTELS PITTSBURGH, LLC, | Chapter 11 |
| Debtor. | Judge Jeffrey A. Deller |
| DR. KIRAN C. PATEL, and PITTSBURGH GRAND, LLC, | Related Docket No.: 991, 2059, 2146 2151 |
| Objectors, | Claim No. 68 |
| v. | Hearing Date:  March 27, 2012 |
| SHUBH HOTELS, LLC, | Hearing Time: 10:00 a.m. |
| Claimant. | |

**CLAIMANTS' RESPONSE AND MEMORANDUM IN OPPOSITION TO TRUSTEES' MOTION FOR PARTIAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT THEREOF**

Claimant, SHUBH HOTELS, LLC ("HOTELS") by and through undersigned counsel, hereby files its Response in Opposition to *Trustees' Motion for Partial Summary Judgment on Objection to Claim No. 68 of Shubh Hotels LLC* [DE 2146] (the "Motion") and *Brief in Support of Motion for Partial Summary Judgment on Objection to Claim No. 68 of Shubh Hotels, LLC* [DE 2149] (the "Brief"), and in support thereof states as follows:

1. <u>Summary of Response</u>: This Court must deny the Motion and Brief as the Trustee fails to address that the funds sought by CLAIMANT are funds which it advanced, albeit through other persons and entities.  Whether or not Trustee agrees with the total calculation of damages presents an issue of fact as to whether CLAIMANT properly loaned the totality of the funds to the Debtor through third parties.  CLAIMANT does not dispute Sections A-G in its Brief, except

as to the total dollar amount of its claim. The issues framed and presented to this Court by the Trustee[1]'s are not relevant reasons for disallowing or reducing Claim No. 68.

2. <u>Sections B-G of Brief are Not Relevant</u>: This Court must deny the Motion for Summary Judgment as the issues presented in the Brief are not relevant.

    a. <u>Section B</u>: Section B of the Brief addresses that CLAIMANT is not an authorized agent for any individual or other source for submitting a proof of claim on their behalf. CLAIMANT agrees with this proposition. CLAIMANT also agrees that "the only claims that are properly the subject of the Shubh Hotels LLC Claim are the claims of Shubh Hotels LLC itself, for amounts it transferred to the Debtor." *See* [DE2149, page 13]. CLAIMANT does, for the reasons stated in paragraph 3 herein, object to the mischaracterization that it only transferred the sum of $337,216.11 to the Debtor. *Id.*

    b. <u>Section C</u>: Section C of the Brief addresses that the Trustee did not file a proof of claim on behalf of Bisaria or any other sources. CLAIMANT agrees with this proposition. CLAIMANT'S claim includes only the funds it loaned to Debtor, albeit occasionally through Bisaria or other sources. Claim No. 68 pertains only to funds loaned by CLAIMANT and due to CLAIMANT.

    c. <u>Section D</u>: Section D of the Brief addresses that no guarantor, surety, endorser, or other co-debtor filed a proof of claim on behalf of Bisaria or any other sources. CLAIMANT agrees with this proposition. CLAIMANT does not asset it is a co-debtor with any other entity; rather that the funds outlined in Claim No. 68 are due to it alone.

---

[1] *See* Motion for Summary Judgment, page 11, Section IV.

2

  d. <u>Section E</u>:  Section E of the Brief addresses that CLAIMANT cannot file a proof of claim on behalf of Bisaria or any other source.  CLAIMANT agrees with this proposition.  Claim No. 68 is filed by CLAIMANT, for CLAIMANT'S sole benefit.  CLAIMAINT has not filed a proof of claim on behalf of any other individual or entity; rather the funds outlined in Claim No. 68 are due to it alone.

  e. <u>Section F</u>:  Section F of the Brief addresses that if a claim is transferred prior to the filing of a proof of claim, the proof of claim may be filed only by the transferee.  CLAIMANT agrees with this proposition.  CLAIMANT is not the transferee of a claim from any individual or entity.  CLAIMANT asserts that it has always held the sole interest to the funds asserted in Claim No. 68 and that those funds have only ever been due to it alone.

  f. <u>Section G</u>:  Section G of the Brief addresses that if a claim is transferred after filing a proof of claim, evidence of such transfer must be filed with the Court.  CLAIMAINT agrees with this proposition.  CLAIMANT is not the transferee of a claim from any individual or entity.  CLAIMANT asserts that it has always held the sole interest to the funds asserted in Claim No. 68 and that those funds have only ever been due to it alone.

3. <u>Trustee Fails to Address the Disputed Issue of Fact that the full sum of Claim No. 68 is Due and Owing to CLAIMAINT</u>:  The record evidence establishes that although the majority of the funds comprising of Claim No. 68 passed through Bisaria or third parties to the Debtor, the funds were owed to CLAIMANT, and CLAIMAINT only, as a loan.  CLAIMANT is in the business of loaning money to and from each of the Shubh hotels.  CLAIMANT sometimes issued loans directly from it to the Debtor (totaling $337,216.11).  CLAIMANT sometimes

issued loans to the Debtor through Bisaria's personal bank account; at which time Bisaria submitted the funds to the Debtor on behalf of the CLAIMANT (totaling $12,519,028.95).  At other times, third parties owed funds to CLAIMANT, who directed the third parties to send the funds to the Debtor as a loan on behalf of CLAIMANT rather than submit payment directly to CLAIMANT (totaling $648,639.36).  Each of these three types of transactions occurred with the intention of creating loans from CLAIMANT to the Debtor.[2]  Trustee fails to address that the issue of whether these transfers were made by CLAIMAINT, and merely facilitated by third parties, is a disputed issue of material fact.  Summary judgment is not appropriate where, when taken in a light most favorable to the nonmoving party, competent record evidence establishes that the full amount of Claim No. 68 is owed to the CLAIMAINT and not any third party.

     4.    Conclusion:  For the reasons stated herein, this Court must deny the Trustee's Motion for Summary Judgment.

                                                   Respectfully Submitted,

Dated: March 21st, 2012

                                                   */s/ Keith T. Grumer*
KEITH T. GRUMER
FL Bar No: 504416
GRUMER & MACALUSO, P.A.
Admitted *Pro Hac Vice*
*Attorneys Shubh Hotels, LLC and Atul Bisaria*
One East Broward Blvd., Suite 1501
Fort Lauderdale, FL 33301
(954) 713-2700 (954) 713-2713
*kgrumer@grumerlaw.com*

---

[2] . *See* Bisaria Dep. at 22:12-19; 40:3-42:17; 45:3-46:22; 92:12-14; 120:9-121:18; 144:10-25; 146:17-148:10; 150:1-23; 170:16-25

*/s/ Robert O Lampl*
ROBERT O LAMPL
PA I.D. #62297
JOHN P. LACHER
PA I.D. #62297
*Local Counsel - Shubh Hotels, LLC & Atul Bisaria*
960 Penn Avenue, Suite 1200
Pittsburgh, PA  15222
(412) 392-0330 (412) 392-0335 (fax)
*rlampl@lampllaw.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served this 21st day of March 2012, *via* ECF/CM to all parties hereto.

| | |
|---|---|
| **James R. Walsh, Esq.**<br>**Roger P. Poorman, Esq.**<br>**Spence, Custer, Saylor, Wolfe & Rose, LLC**<br>400 AmeriServ Financial Building<br>P.O. Box 280<br>Johnstown, PA 15907<br>*jwalsh@spencecuster.com*<br>*Rpoorman@spencecuster.com*<br>Telephone: (814) 536-0737<br>Facsimile: (814) 539-1423 | **John M. Steiner, Esq.**<br>**David W. Lampl, Esq.**<br>**Crystal H. Thornton-Illar, Esq.**<br>Leech, Tishman, Fuscaldo & Lampl<br>Citizens Bank Building<br>525 William Penn Place<br>30th Floor<br>Pittsburgh, PA 15219<br>(412) 261-1600<br>*jsteiner@leechtishman.com*<br>*jsteiner@lechtishman.com*<br>*cthornton-Illar@leechtishman.com* |