IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy Case No.: 10-26337 JAD |
| SHUBH HOTELS PITTSBURGH, LLC, | Chapter 11 |
| Debtor. | Judge Jeffrey A. Deller |
| DR. KIRAN C. PATEL, and PITTSBURGH GRAND, LLC, | Related Docket No.: 991, 2059, 2146 2151 |
| | Claim No. 68 |
| Objectors, | Hearing Date: March 27, 2012 |
| v. | Hearing Time: 10:00 a.m. |
| SHUBH HOTELS, LLC, | |
| Claimant. | |

**CLAIMANTS' MOTION TO STRIKE, OR ALTERNATIVE RESPONSE
TO OBJECTORS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT ON OBJECTION TO CLAIM # 68 OF SHUBH
HOTELS, LLC**

Claimant, SHUBH HOTELS, LLC ("HOTELS") by and through undersigned counsel, hereby files its Response to the *Objectors' Statement of Undisputed Facts and Motion For Summary Judgment on Objection to Claim #68 of Shubh Hotels, LLC* (the "Statement of Facts"), [DE 2152], and in support thereof states as follows:

1. <u>Motion to Strike</u>: This Court must strike the OBJECTORS' Statement of Facts for failure to comply with this Court's Amended Scheduling Order [DE 2068]. This Court ordered that "A Statement of Undisputed Facts shall also accompany a Motion for Summary Judgmetn filed by any party so moving. *See* [DE 2068, ¶ 7]. Furthermore, this Court ordered that

> Each statement of fact must contain a citation to record evidence:
> Each stated fact and each statement that a material fact is disputed
> (in either a Motion for Summary Judgment or a Response thereto)
> shall cite the source relied upon, including the page and line of any

> document to which reference is made. In either case, each paragraph shall <u>cite</u> the title, page, and/or paragraph number of the document supporting the statement contained in that paragraph. *See* [DE 2068, ¶ 9]. (Emphasis in original).

In violation of this Court' Order, and to the great prejudice of the CLAIMANT, OBJECTORS fail to cite *any* of their statements of fact. OBJECTORS also reference documents without providing sufficient information to place CLAIMANT on notice or give CLAIMANT the opportunity to identify said documents. Accordingly, this Court must strike the Statement of Facts for failure to company with the Amended Scheduling Order.

    2.   <u>Alternative Response to the Statement of Facts</u>: Alternatively, if this Court does not strike the Objector's Statement of Facts, CLAIMANT hereunder responds to OBJECTORS' Statement of Facts to the best of its ability despite the lack of any citations to record evidence.

    3.   CLAIMANT admits to paragraphs 1, 3, 4, 10, 13, 14, 15, 17, 18, 20 through 27, 32 through 44, 48, 50, 58, 64, 66 through 72, 74, and 75.

    4.   CLAIMANT denies the allegations contained in paragraph 5. It was Bisaria's belief at the time of his deposition that decisions were made by him and he may have consulted legal counsel. *See* Bisaria depo. at 57:3-7. Bisaria consulted with Jai Lalwani, Kiran Patel's appointee, when signing the bankruptcy schedules. *See* Bisaria depo. at 134:6-20.

    5.   CLAIMANT denies the allegations contained in paragraph 6. Bisaria testified he did not recall if CLAIMANT had an operating agreement. *See* Bisaria depo. at 25:25-26:20

    6.   CLAIMANT denies the allegations contained in paragraph 7. Bisaria testified there may have been meetings for the CLAIMANT. *See* Bisaria Depo. at 27:14-19.

    7.   CLAIMANT denies the allegations contained in paragraph 8. Bisaria testified that he did not recall if CLAIMANT prepared balance sheets. *See* Bisaria Depo. at 34:11-12.

8. CLAIMANT denies the allegations contained in paragraph 11. Bisaria testified that CLAIMANT operated apart from the other Shubh hotel entities, as its purpose was to borrow and loan funds from each of the Shubh hotels. *See* Bisaria Depo. at 22:12-19; 35:1-19

9. CLAIMANT denies the allegations contained in paragraph 16. Bisaria testified that Shubh Hotels Pittsburgh Investments, LLC was owed 51% by Bisaria and 49% by his two children's trusts *See* Bisaria Depo. at 4913-50:7. Bisaria testified that he is an owner of Shubh Hotels Pittsburgh Investments, LLC, but could not remember if there were other owners for that entity. *See* Bisaria Depo. at 52:24-53:10.

10. CLAIMANT denies the allegations contained in paragraph 19. It was Bisaria's belief at the time of his deposition that decisions were made by him and he may have consulted legal counsel. *See* Bisaria depo. at 57:3-7.

11. CLAIMANT denies the allegations contained in paragraph 29. No record evidence to support this statement.

12. CLAIMANT denies the allegations contained in paragraph 30. No record evidence to support this statement.

13. CLAIMANT denies the allegations contained in paragraph 31. No record evidence to support this statement.

14. CLAIMANT denies the allegations contained in paragraph 45. No record evidence to support this statement.

15. CLAIMANT denies the allegations contained in paragraph 46. CLAIMANT unable to provide specific response because the allegation contained in paragraph 46 does not reference what the purported balance sheet was and does not reference where in the record that balance sheet can be found.

3

16. CLAIMANT denies the allegations contained in paragraph 47. CLAIMANT unable to provide specific response because the allegation contained in paragraph 47 does not reference what the purported balance sheet was and does not reference where in the record that balance sheet can be found

17. CLAIMANT denies the allegations contained in paragraph 49. No record evidence to support this statement.

18. CLAIMANT denies the allegations contained in paragraph 53. Although some of the funds passed through Bisaria or third parties to the Debtor, the funds were owed to CLAIMANT as a loan. CLAIMANT is in the business of loaning money to and from each of the Shubh hotels. CLAIMANT sometimes issued loans directly from it to the Debtor (totaling $337,216.11). CLAIMANT sometimes issues loans to the Debtor through Bisaria's personal bank account; at which time Bisaria submitted the funds to the Debtor on behalf of the CLAIMANT (totaling $12,519,028.95). At other times, third parties owed funds to CLAIMANT, who directed the third parties to send the funds to the Debtor as a loan on behalf of CLAIMANT rather than submit payment directly to CLAIMANT (totaling $648,639.36). All this was done with the intention of creating loans from CLAIMANT to the Debtor. *See* Bisaria Depo. at 22:12-19; 40:3-42:17; 45:3-46:22; 92:12-14; 120:9-121:18; 144:10-25; 146:17-148:10; 150:1-23; 170:16-25.

19. CLAIMANT denies the allegations contained in paragraph 56. Bisaria testified that the loans were payable upon demand or when cash flow was available. Bisaria always expected the funds to be paid. *See* Bisaria depo. at 91:10-92:11.

20. CLAIMANT denies the allegations contained in paragraph 57. No record evidence to support this statement.

21. CLAIMANT denies the allegations contained in paragraph 59. No record evidence to support this statement.

22. CLAIMANT denies the allegations contained in paragraph 60. No record evidence to support this statement.

23. CLAIMANT denies the allegations contained in paragraph 61. No record evidence to support this statement.

24. CLAIMANT denies the allegations contained in paragraph 62. No record evidence to support this statement.

25. CLAIMANT denies the allegations contained in paragraph 63. No record evidence to support this statement.

26. CLAIMANT denies the allegations contained in paragraph 65. Bisaria testified that the loans were payable upon demand or when cash flow was available. Bisaria always expected the funds to be paid. *See* Bisaria depo. at 91:10-92:11.

27. CLAIMANT denies the allegations contained in paragraph 73. The spreadsheet itself is a compilation of the funds which were loaned by CLAIMANT.

28. CLAIMANT is without knowledge as to the allegations contained in paragraph 76. The spreadsheet itself is a compilation of the funds which were loaned by CLAIMANT. Furthermore, although some of the funds passed through Bisaria or third parties to the Debtor, the funds were owed to CLAIMANT as a loan. CLAIMANT is in the business of loaning money to and from each of the Shubh hotels. CLAIMANT sometimes issued loans directly from it to the Debtor (totaling $337,216.11). CLAIMANT sometimes issues loans to the Debtor through Bisaria's personal bank account; at which time Bisaria submitted the funds to the Debtor on behalf of the CLAIMANT (totaling $12,519,028.95). At other times, third parties owed funds to

CLAIMANT, who directed the third parties to send the funds to the Debtor as a loan on behalf of CLAIMANT rather than submit payment directly to CLAIMANT (totaling $648,639.36). All this was done with the intention of creating loans from CLAIMANT to the Debtor. *See* Bisaria Depo. at 22:12-19; 40:3-42:17; 45:3-46:22; 92:12-14; 120:9-121:18; 144:10-25; 146:17-148:10; 150:1-23; 170:16-25.

29. CLAIMANT neither admits nor denies the allegations contained in paragraph 77 as it is not a statement of fact.

30. CLAIMANT neither admits nor denies the allegations contained in paragraph 78 as it is not a statement of fact.

31. CLAIMANT neither admits nor denies the allegations contained in paragraph 79 as it is not a statement of fact.

WHEREFORE, CLAIMANT respectfully requests this Court Strike OBJECTORS' Statement of Facts and for any and all further relief as this Court deems necessary and proper.

Dated: March 21, 2012

Respectfully Submitted,

*/s/ Keith T. Grumer*
KEITH T. GRUMER
FL Bar No: 504416
GRUMER & MACALUSO, P.A.
Admitted *Pro Hac Vice*
*Attorneys Shubh Hotels, LLC and Atul Bisaria*
One East Broward Blvd., Suite 1501
Fort Lauderdale, FL 33301
(954) 713-2700 (954) 713-2713
*kgrumer@grumerlaw.com*

                */s/ Robert O Lampl*
                ROBERT O LAMPL
                PA I.D. #62297
                JOHN P. LACHER
                PA I.D. #62297
                *Local Counsel - Shubh Hotels, LLC & Atul Bisaria*
                960 Penn Avenue, Suite 1200
                Pittsburgh, PA 15222
                (412) 392-0330 (412) 392-0335 (fax)
                *rlampl@lampllaw.com*

## **CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served this 21st day of March 2012, *via* ECF/CM to all parties hereto.

| | |
|---|---|
| | **John M. Steiner, Esq.** |
| **James R. Walsh, Esq.** | **David W. Lampl, Esq.** |
| **Roger P. Poorman, Esq.** | **Crystal H. Thornton-Illar, Esq.** |
| **Spence, Custer, Saylor, Wolfe & Rose, LLC** | Leech, Tishman, Fuscaldo & Lampl |
| | Citizens Bank Building |
| 400 AmeriServ Financial Building | 525 William Penn Place |
| P.O. Box 280 | 30th Floor |
| Johnstown, PA 15907 | Pittsburgh, PA 15219 |
| *jwalsh@spencecuster.com* | (412) 261-1600 |
| *Rpoorman@spencecuster.com* | *jsteiner@leechtishman.com* |
| Telephone: (814) 536-0737 | *jsteiner@lechtishman.com* |
| Facsimile: (814) 539-1423 | *cthornton-Illar@leechtishman.com* |