**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
| **SHUBH HOTELS PITTSBURGH, LLC,** | : | **Bankruptcy No.  10-26337JAD** |
| | : | |
| Debtor. | : | **Chapter 11** |
| _____ | X | |
| | : | |
| **DR. KIRAN C. PATEL, PITTSBURGH** | : | **Doc. Nos. 991, 2146, 2151, 2183** |
| **GRAND, LLC and MERIDIAN** | : | |
| **FINANCIAL ADVISORS, LTD,** | : | |
| **Trustee of the Shubh Hotel** | : | |
| **Creditor Trust,** | : | |
| | : | |
| Objectors, | : | |
| v. | : | |
| | : | |
| **SHUBH HOTELS, LLC,** | : | |
| | : | |
| Claimant. | : | |
| _____ | X | |

**MEMORANDUM OPINION**

The matter before the Court consists of two motions for summary judgment on the *Objection of Dr. Kiran C. Patel and Pittsburgh Grand, LLC to Claim of Shubh Hotels, LLC.* The matter is a core proceeding over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(B) and 1334(b).  For the reasons set forth below, the Court finds that no genuine issue of material fact exists to move the issue to trial. Consequently, summary judgment shall be granted and the claim disallowed.

**I.**

This Court shall grant a motion for summary judgment only if the moving party shows that there are no genuine disputes as to material facts and that it is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56 (applicable in bankruptcy proceedings through Fed. R. Bankr. P. 7056); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23

(1986).  A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When deciding a motion for summary judgment courts may consider all materials of record including depositions, documents, affidavits or declarations, stipulations, admissions and interrogatory answers.  Fed. R. Civ. P. 56(c).  All inferences drawn from underlying facts are to be viewed in the light most favorable to the nonmoving party.  Rosen v. Bezner, 996 F.2d 1527, 1530 (3d Cir. 1993) (citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).  In the instant matter, the following facts are undisputed.[1]

## II.

Shubh Hotels, LLC ("Shubh Hotels") is a limited liability company that at the direction of its sole managing member, Atul Bisaria ("Bisaria"), transferred funds between various hotel entities in which Bisaria maintained an interest.  (See Doc. #2148, ¶28; see also Doc. #2193, ¶¶ 3, 10).[2]  At all times relevant to the instant litigation, Bisaria had full

---

[1]  The facts listed represent an amalgam of facts admitted by Shubh Hotels, LLC and alleged in the *Statement of Undisputed Facts in Support of Motion for Partial Summary Judgment on Objection to Claim No 68 of Shubh Hotels, LLC* (Doc. #2148) and the *Objectors' Amended Statement of Undisputed Facts in Support of Motion for Summary Judgment on Objection to Claim #68 of Shubh Hotels, LLC* (Doc. #2193).  (See Doc. ##2182, 2183, 2212).

[2]  Dr. Kiran C. Patel and Pittsburgh Grand, LLC originally filed a statement of material facts at Doc. #2152.  However, through the *Claimants' Motion to Strike, or Alternative Response to Objectors' Statement of Undisputed Facts in Support of Motion for Summary Judgment on Objection to Claim # 68 of Shubh Hotels, LLC*, Shubh Hotels requested that the statement of material facts be stricken for failure to cite the record in violation of this Court's Amended Scheduling Order entered at Doc. #2068.  (See Doc. # 2183).  Pursuant to an oral directive of the Court at the hearing held March 27, 2012, Dr. Kiran C. Patel and Pittsburgh Grand, LLC filed the *Objectors' Amended Statement of Undisputed Facts in Support of Motion for Summary Judgment on Objection to Claim #68 of Shubh Hotels, LLC* (Doc. #2193), correcting the technical deficiencies present in its previously filed statement of material facts.  As a housekeeping matter, this Court shall deny as moot Shubh Hotels' motion to strike as part of the Order attached to this *Memorandum Opinion*.

authority to act on behalf of Shubh Hotels and was the decision maker for Shubh Hotels

Pittsburgh, LLC (the "Debtor").  (See Doc. #2193, ¶¶ 3, 17-18).  The Debtor is a limited

liability company consisting of two members: Shubh Hotels Pittsburgh Investments, LLC

and Shubh Hotels Pittsburgh Acquisitions, LLC that formerly operated the Pittsburgh

Hilton Hotel at 600 Commonwealth Place, Pittsburgh, Pennsylvania. (See id. ¶¶ 3, 14-15).

On September 7, 2010, the Debtor filed a voluntary petition for relief under

Chapter 11 of the Bankruptcy Code.  (See id. ¶ 1).  Shubh Hotels filed a proof of claim

against the Debtor (the "Claim") on January 18, 2011, asserting a general unsecured

claim in the amount of $15,227,670.09 for "Loans to corporation." (See Doc. #2148, ¶ 4).

In support of the Claim, Shubh Hotels attached a list of funds transferred in and out of

the Debtor's accounts between January 7, 2007 and July 29, 2009 (the "Advances"). (See

id. ¶ 7).  No loan agreements, promissory notes, term sheets, payment schedules, bank

records, canceled checks, or other documents are attached to the list.  (See id.).

On April 6, 2011, Dr. Kiran C. Patel and Pittsburgh Grand, LLC (the "Plan

Proponents") filed a *Modified Second Amended Chapter 11 Plan* [Doc. #927] and a *Modified*

*Second Amended Disclosure Statement in Connection with Modified Second Amended Plan*

*of Reorganization Dated April 6, 2011* [Doc. #929].  (See id. ¶ 8).  On April 22, 2011, the

Plan Proponents objected to the Claim.  (Doc. #991).  The objection asserted that, to the

extent the funds were transferred from Shubh Hotels to the Debtor, they constituted

equity contributions and not loans.  (See Doc. #991 ¶ 15).  The objection also asserted a

right of setoff in the Debtor.  (See id. ¶ 17).  The Official Committee of Unsecured

Creditors of Shubh Hotels Pittsburgh, LLC joined in the Plan Proponents' objection to the

Claim for the limited purpose of preventing Shubh Hotels from voting on the proposed

plan.  (See Doc. #1070, ¶ 11).

On May 4, 2011, Shubh Hotels filed a motion seeking temporary allowance of its Claim for voting purposes only. (See Doc. #1083). Following a hearing held May 12, 2011, this Court denied said motion. (See Doc. #1340). This Court entered an order confirming the plan on May 20, 2011. (Doc. #1390).

Through its response to the Plan Proponents' objection to the Claim, Shubh Hotels conceded that the amount of its original claim should be reduced to $13,314,084.42. (See Doc. #1447, unnumbered p. 1, n.1). Shubh Hotels also asserted that the transfers to the Debtor's accounts were not investments because Shubh Hotels was not an equity holder of the Debtor and denied any right to setoff. (See Doc. #1447).

Subsequent to the effective date of the plan (June 9, 2011), a Creditor Trust was created that appointed Meridian Financial Advisors, Ltd. as trustee. The Creditor Trust filed a supplemental objection to the Claim asserting that as the possible recipient of fraudulent transfers or recoverable property, Shubh Hotels' claim should be denied pursuant to 11 U.S.C. § 502(d). (See Doc. #1954).

In February of 2012, both the Plan Proponents and the Creditor Trust (collectively, the "Objectors") filed motions for summary judgment. The *Motion for Partial Summary Judgment on Objection to Claim No. 68 of Shubh Hotels, LLC* filed by the Creditor Trust requests this Court limit the allowed amount of Claim to $337,216.11, representing the total amount of Advances sent directly from Shubh Hotels to the Debtor, and reserves the right to assert an objection for complete disallowance of the Claim at trial. (See Doc. #2146, p.6). The *Objectors' Motion for Summary Judgment on Objection to Claim #68 of Shubh Hotels, LLC* ("*Summary Judgment Motion*"), primarily alleges that no issue of material fact exists as to whether the Shubh Hotels' fund transfers were equity contributions as opposed to "loans" to the Debtor. (See Doc. #2153, pp. 15-23 ). The

*Summary Judgment Motion* also asserts that there is no genuine issue of material fact that the Debtor has a complete setoff defense against the Claim. (Id. at pp. 23-24). In the alternative, the Plan Proponents joined in the Creditor Trust's request to limit the Claim to $337,216.11. (Id. at p. 24).

Shubh Hotels objects to both motions for summary judgment. Shubh Hotels argues that genuine issues of material fact exists as to all three grounds for summary judgment asserted through the Objectors' motions. (See Doc. ## 2181, 2184). Primarily, Shubh Hotels argues that it is inappropriate for this Court to grant the *Summary Judgment Motion* as a genuine issue of material fact exists as to whether this Court should consider the Advances loans or equity contributions. (See Doc. #2184, pp. 2-4; see generally Audio Recording of Hearing Held in Courtroom D, March 27, 2012).

## III.

The primary question before this Court is whether the funds transferred to the Debtor that form the basis for the Claim (the Advances) are properly characterized as either "loans" or "equity contributions." If the Advances are characterized as "loans" giving rise to a debt, Shubh Hotels would have a right to repayment of debt, thereby supporting its Claim. See 11 U.S.C. § 101(5) and (12). Conversely, if the Advances are characterized as capital contributions, or equity interest obligations, they will not be considered debt obligations sufficient to support the Claim. Citicorp Real Estate, Inc. v. PWA, Inc. (In re Georgetown Bldg. Associates Ltd. P'shp), 240 B.R. 124, 139 (Bankr. D.D.C. 1999).

The burden of proof in objecting to a claim is a shifting one. In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992). Once a claimant has alleged facts sufficient to support its claim, the claim is *prima facie* valid. See id.; see also Fed. R. Bankr. P.

3001(f).  When an objection to a proof of claim is filed, the objecting party bears the burden of producing sufficient evidence to overcome the presumed validity of the filed claim.  In re Benninger, 357 B.R. 337, 347 (Bankr. W.D. Pa. 2006) (citing Allegheny Int'l, Inc., at 173-74).  To lodge a successful motion for summary judgment at this stage, the Objectors have the burden of proving that no genuine issues of material fact exist regarding the allowance of the Claim.  In re Planet Hollywood Int'l, 274 B.R. 391, 394 (Bankr. D. Del. 2001) (citing Matsushita, 475 U.S. at 586 n.10).

In support of the *Summary Judgment Motion*, the Objectors argue that the Claim is not supported by any debt owed by the Debtor because the Advances should be "recharacterized" as equity contributions.  In combination with other authority, the Objectors cite the United States Court of Appeals for the Third Circuit opinion, In re SubMicron Sys. Corp., 432 F.3d 448 (3d Cir. 2006), insisting that "recharacterization" is appropriate based on the intent of the parties at the time the Advances were made.[3]

To support recharacterization under the instant circumstances, the Objectors proffer testimony from the Chief Operating Officer of Shubh Hotels, Harris Mathis ("Mathis"), that the Advances were recorded on the Debtor's books as equity.  The Objectors also cite documentary evidence including: (1) the Debtor's balance sheet prepared just seven days prior to the Debtor's petition date that does not show any money owed to Shubh Hotels; and (2) the Debtor's bankruptcy schedules signed under penalty of perjury by Bisaria that do not show any money owed to Shubh Hotels.  Finally, the Objectors offer an expert report, which concludes "to a reasonable degree of accounting

---

[3] The term "recharacterization" is actually somewhat of a misnomer as the inquiry really focuses on "the proper characterization in the first instance of an investment."  SubMicron, 432 F.3d at 454.

and professional certainty, that the transactions between Shubh Hotels, LLC and the Debtor were appropriately accounted for as equity transactions." (Doc. #2152, Exhibit 3, p. 9). Citing this evidence in combination with the alleged lack of any record evidence to the contrary, the Objectors insist that summary judgment is appropriate.

<u>A.</u>

Since the Objectors have carried their initial burden, Shubh Hotels must cite to particular materials in the record to show the existence of a genuine factual dispute over the nature of the funds it transferred to the Debtor. Fed. R. Civ. P. 56(c)(1)(A-B). To successfully object to the *Summary Judgment Motion*, Shubh Hotels must do more than merely demonstrate that there is some "metaphysical doubt as to the material facts" and must present "specific facts showing that there is a genuine issue for trial." <u>Matsushita</u>, 475 U.S. at 586-87 (citations omitted). If Shubh Hotels fails to properly address the Objectors' assertion that the Advances were equity contributions, this Court may consider this alleged fact undisputed and grant summary judgment if the motion and supporting materials show that the Objectors are entitled to it. Fed. R. Civ. P. 56(e).

While Shubh Hotels has consistently argued that the advances were loans (<u>see</u> Doc. ##1447, 2181-2184), it has failed to cite any specific facts or materials in support of this argument. Rather, Shubh Hotels offers only the self-serving statements of Bisaria, its managing member, in support of its position.[4] (<u>See</u> Doc. #2184, pp. 3-4). Specifically,

---

[4] Shubh Hotels also argues that the list of fund transfers attached to its Claim supports its position that the Advances were loans. (<u>See</u> Doc. #2211, unnumbered pp. 1-2). The transaction list attached to the Claim offers no support to Shubh Hotels' allegation that the Advances were "loans" because it simply denotes when and in what amount transfers occurred with no indication of the intent behind the transfers. Indeed, the list actually undercuts Shubh Hotels' position as Mathis explained that he formed the list by examining the Debtor's general ledger and listing <u>only</u> the transactions involving the Debtor's <u>equity accounts</u>. (Doc. #2152, Exhibit #2, *Deposition of Harris Mathis* (hereinafter *"Mathis Deposition"*), p. 27:1-9, p. 29:2-21).

Bisaria alleged throughout his deposition that Shubh Hotels would "borrow" funds from income producing hotel properties and other sources and in turn "loan" money to the Debtor. (See, e.g., Doc. #2152, Exhibit #1, *Deposition of Atul Bisaria* (hereinafter *"Bisaria Deposition"*), p. 22:12-19, pp. 40:3 - 42:17, pp. 120:9 - 121:18). Bisaria also testified at his deposition that Shubh Hotels often "lent" money to the Debtor indirectly through Bisaria's personal bank account. (*Bisaria Deposition*, p. 144:10-25).

Much of Bisaria's deposition testimony with regard to the Advances is controverted by the deposition testimony of Mathis, the only other corporate designee for Shubh Hotels. Mathis testified that he is the Chief Operating Officer of Shubh Hotels, and from 2004 to 2010, was the Chief Operating Officer of the Debtor. (See *Mathis Deposition*, pp. 8:20 - 9:2, p. 11:12-14, pp. 13:21 - 14:6, p. 14:15-24, pp. 22:10 - 23:4). Mathis admits that the Debtor booked all of the Advances as equity, regardless of whether they were transferred directly from Shubh Hotels, Bisaria's personal bank account, or other sources. (See id. at p. 32:1-13, p. 91:8-25). Mathis also admits that he was not aware of any document indicating that the Advances were to be treated as a loan, and he was not aware of any interest rate or maturity date associated with the funds Advanced to the Debtor. (See id. at pp. 94:25 - 96:5).

Bisaria's attempt to characterize the Advances as loans is also controverted by the bankruptcy schedules containing the list of creditors signed by Bisaria under penalty of perjury. Those schedules (at Schedules D, E and F) reflect no outstanding loans of Shubh Hotels to the Debtor. Furthermore, Bisaria's position in this case is undermined by his very own testimony. For example Bisaria testified at his deposition that the possibility of repayment was directly tied to the financial stability of the Debtor's hotel property, or the possible intervention of a third party to purchase the Debtor's hotel property. (*Bisaria*

*Deposition*, pp. 92:20 - 93:21).   This expectation of repayment from the Debtor only "[w]henever it had the cash flow available" (<u>id.</u> at p. 91:13) is the very essence of an investment transaction or equity infusion.   <u>See</u>, <u>e.g.</u>, <u>In re First NLC Fin. Services, LLC</u>, 415 B.R. 874, 881 (Bankr. S.D. Fla. 2009) ("to be considered a debt rather than equity, court have stressed that a reasonable expectation of repayment must exist which does not depend solely on the success of the borrowers business.") (quoting <u>In re Lane</u>, 742 F.2d 1311, 1314 (11th Cir. 1984)); <u>Official Comm. of Unsecured Creditors v. Fairchild Dornier GMBH v. Official Comm. of Unsecured Creditors (In re Dornier Aviation (N. Am.), Inc.)</u>, Bankr. No. 02-82003SSM, Adv. No. 02-8199SSM, 2005 WL 4781236, *19 (Bankr. E.D. Va. Feb. 8, 2005) <u>aff'd</u> 453 F.3d 225 (4th Cir. 2006) ("Indeed, the hope of payment out of future profits is exactly what characterizes an equity investor.").   Therefore, Bisaria's own admission as to his intent at the time the advances were made belies any assertion that the advances were intended as "loans."[5]

B.

In its opposition to the *Summary Judgment Motion*, Shubh Hotels insists that this Court must focus on the intent of Shubh Hotels in characterizing the Advances.   (<u>See</u> Doc. #2184, p. 3).   It is true that recharacterization analysis is appropriately based on the intent of the parties, not the labels ascribed to certain transactions (see <u>SubMicron</u>, 432

---

[5]  Bisaria's admission regarding a lack of formal repayment terms is further supported by Shubh Hotels' admission in its response to the interrogatories that the books and records of the Debtor do not reflect that the Advances "constituted obligations of the Debtor repayable to [Shubh Hotels]." (Doc. #2152, Exhibit 1-1, *Request for Admission* #8).  This characterizastion is also supported by statements from Mathis who explained that in his role of monitoring and reviewing the Advances he did not consider the Debtor to be "borrowing" the funds.  (<u>See</u> *Mathis Deposition*, p. 24:9-21).

F.3d at 457); however, Shubh Hotels has not put forth even a scintilla of evidence to

suggest that the Advances may be properly "recharacterized" as loans to the Debtor.

Whether a party intended a transfer of funds to constitute a loan or equity

contribution may be inferred from the party's actions, the text of its contracts, and "the

economic reality of the surrounding circumstances." Id. at 456. Courts have generated

a number of different factors to determine whether debt should be recharacterized as

equity. See Official Comm. of Unsecured Creditors v. Fairchild Dornier GMBH (In re

Dornier Aviation (N. Am.), Inc.), 453 F.3d 225, 233-34 (4th Cir. 2006). Among these

factors are:

> (1) the names given to the instruments, if any, evidencing the indebtedness;
> (2) the presence or absence of a fixed maturity date and schedule of
> payments; (3) the presence or absence of a fixed rate of interest and interest
> payments; (4) the source of repayments; (5) the adequacy or inadequacy of
> capitalization; (6) the identity of interest between the creditor and the
> stockholder; (7) the security, if any, for the advances; (8) the corporation's
> ability to obtain financing from outside lending institutions; (9) the extent
> to which the advances were subordinated to the claims of outside creditors;
> (10) the extent to which the advances were used to acquire capital assets;
> and (11) the presence or absence of a sinking fund to provide repayments.

Id. (quoting In re Autostyle Plastics, Inc., 269 F.3d 726, 749-50 (6th Cir. 2001)).

While the Third Circuit Court of Appeals has rejected mechanical application of

these factors (see SubMicron, 432 F.3d at 456), courts within the Third Circuit have

utilized the eleven factors listed above to determine whether recharacterization is

appropriate under a given set of circumstances. See, e.g., Neilson v. Agnew (In re Harris

Agency, LLC), 465 B.R. 410, 421 (Bankr. E.D. Pa. 2011); Official Comm. of Unsecured

Creditors v. Highland Capital Mgmt., L.P. (In re Moll Indus., Inc.), 454 B.R. 574, 581

(Bankr. D. Del. 2011). When using these factors as a framework for evaluating the

instant matter, it is clear that the Advances are properly characterized as equity contributions and not loans.

The items supporting characterization of the Advances as equity contributions span the majority of the factors listed.  For example, Shubh Hotels has not produced any documents supporting its characterization of the Advances as loans, and counsel for Shubh Hotels admitted that there was no documentation evidencing a loan obligation. (See *Bisaria Deposition*, pp. 35:20 - 36:7, p. 90:14-23; see also Audio Recording of Hearing Held in Courtroom D, March 27, 2012 (11:17 - 11:18 AM)).  Additionally, Bisaria admitted that the Advances were provided interest free (see *Bisaria Deposition*, p. 91:7-9), and there was never any allegation by Shubh Hotels that the Advances were secured by an interest in the Debtor's property.

A review of the Debtor's balance sheet dated January 31, 2010 shows that the Debtor was not adequately capitalized because if the Advances were considered "debt", the Debtor would have had a substantial amount of negative capital.  (See Doc. #2152, Exhibit 1-10).  Moreover, there was never any allegation by Shubh Hotels that the Debtor obtained or even attempted to obtain funds from an outside lending source as an alternative to obtaining the Advances from Shubh Hotels.  Finally, Bisaria testified that repayment of the Advances was subordinate in priority to repayment of the loan obligation to the secured third-party lender.  (*Bisaria Deposition*, pp. 98:14 - 99:25).

### C.

Shubh Hotels also argues that because it did not maintain, and did not receive a membership or equity interest in the Debtor as a result of the Advances, this Court cannot recharacterize the Advances as equity contributions.  (See Doc. #2184, p. 3). Aside from its failure to cite any authority in support of this position, Shubh Hotels'

argument is belied by the sixth factor as Bisaria admits that he was in control of both the transferor of the Advances (Shubh Hotels) and the recipient transferee (the Debtor).[6] Bisaria also testified that he is the majority owner of the two entities that are the members of the Debtor. (*Bisaria Deposition*, pp. 49:8 - 50:25). Thus, "consideration" or an expansion of control of the Debtor entity would be of little practical effect under the circumstances. In addition, the undisputed fact that Bisaria maintained in interest in both the transferor and transferee entities supports a characterization of the Advances as equity. See, e.g., In re Newfound Lake Marina, Inc., Bankr. Nos. 04-12192MWV, 04-13727MWV, 2007 WL 2712960, *6 (Bankr. D.N.H. Sep. 14, 2007) (unpublished opinion) (holding that debt was properly recharacterized as equity based in part on the fact that the alleged creditor was also the sole principal, officer, and director of the debtor) (citing In re Hyperion Enters., Inc., 158 B.R. 555, 561 (Bankr.D.R.I.1993)); In re Hog Farm, Inc., Bankr No. 09-17778, 2012 Bankr. LEXIS 1415, *9-10 (Bankr. S.D. Ohio Apr. 2, 2012) (holding that debt was properly recharacterized as equity based in part on the fact that the claimants were also the equity owners of the debtor).

Aside from the many factors supporting characterization of the Advances as equity contributions, Shubh Hotels admits that the Advances transferred indirectly through Bisaria's bank account to the Debtor were not intended to qualify as loans. Bisaria explained during his deposition, that the purpose of funneling some of the Advances through his personal bank account was to avoid violating certain covenants in a pre-existing loan agreement between the Debtor and a third-party lender, which allegedly

---

[6] Bisaria refused to disclose the identity of Shubh Hotel's equity holders. (See Doc. #2152, Exhibit 1-1, Answers to Interrogatories ##3-4). However, Bisaria admitted during his deposition that he was in "control" of both Shubh Hotels and the Debtor at the time the Advances were made. (*Bisaria Deposition*, pp. 58:6 - 59:15).

capped the amount of loans it could receive directly from Shubh Hotels.  (See *Bisaria Deposition*, pp. 45:3 - 47:21).  This description was confirmed by counsel for Shubh Hotels at the hearing on the *Summary Judgment Motion*, where counsel admitted that Bisaria intended to structure the Advances so that they would not be classified as loans by the secured lender.  (See Audio Recording of Hearing held in Courtroom D, March 27, 2012 (11:18-11:20 AM)).  Yet, Shubh Hotels now asks this Court to characterize the Advances as loans for the purpose of its Claim.  The Third Circuit Court of Appeals holds that what is most determinative in distinguishing between "equity" and "debt" is the intent of the parties, "as it existed at the time of the transaction."  Machne Menachem, Inc.  v.  Spritzer, 456 F. Appx. 163, 165 (3d Cir. 2012) (unpublished decision) (emphasis added) (quoting SubMicron, 432 F.3d at 457).  Allowing the Shubh Hotels' hindsight characterization of the Advances to prevail over its confessed intent at the time the Advances were made, would run contrary to this well established precedent.

### D.

Finally, Shubh Hotels argues that summary judgment is not appropriate because the intent of Shubh Hotels regarding the Advances is at issue.  (See Audio Recording of Hearing Held in Courtroom D, March 27, 2012 (11:19 - 11:20)).  Though summary judgment is generally inappropriate when intent is an issue, it may be granted when all reasonable inferences defeat the claims of a party, or that party has rested merely on unsupported speculation.  See, e.g., Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)("Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation.") (citations omitted); Gertsch v.  Johnson & Johnson, Fin. Corp. (In re Gertsch), 237 B.R.

160, 165 (9th Cir. BAP 1999) ("Where intent is at issue, summary judgment is seldom

granted (citation omitted); however, 'summary judgment is appropriate if all reasonable

inferences defeat the claims of one side, even when intent is at issue.' ") (citing <u>Newman</u>

<u>v. Checkrite California, Inc.</u>, 912 F. Supp. 1354, 1380 (E.D. Cal. 1995)); <u>Hines v.</u>

<u>Marchetti</u>, 436 B.R. 159, 169 (M.D. Ala. 2010) ("[I]n the bankruptcy context a summary

judgment denying a debtor's discharge is sometimes appropriate even when intent is at

issue.") (citations omitted).

In the instant case, Shubh Hotels relies on bald assertions of fact made by Bisaria

in professing that the Advances were loans.  Bisaria has admitted that there was no

interest rate connected to the fund transfers, no definitive repayment schedule, and that

he does not recollect any writing documenting the nature of the funds.  Additionally,

Bisaria's description of repayment of the Advances as dependent on profitability of the

Debtor's hotel property or its profitable sale, is a blatant admission that the Advances

were intended as equity contributions.  The fact that such Advances were intended equity

contributions is further corroborated by the Debtor's own books and records, as Mathis

testified that he formed the transaction list at issue by examining the Debtor's general

ledger and listed only the transactions involving the Debtor's equity accounts.  (<u>See</u> *Mathis*

*Deposition*, p. 27:1-9, p. 29:2-21).

This Court recognizes that whether the Advances should be characterized as debt

or equity is an issue of fact.  <u>SubMicron</u>, 432 F.3d at 457.  Nevertheless, because the

Objectors' *Summary Judgment Motion* was properly made and supported, the burden to

come forward with specific facts showing that there exists a genuine issue for trial rested

with Shubh Hotels.  <u>Anderson</u>, 477 U.S. at 248.  As this Court has previously held, this

stage of the case is the "put up or shut up" time for the party opposing a properly

supported motion for summary judgment.  <u>In re Figard</u>, 382 B.R. 695, 706 (Bankr. W.D. Pa. 2008) (citing <u>Berckeley Inv. Group, Ltd. v. Colkitt</u>, 455 F.3d 195, 201 (3d Cir. 2006)).

The time for Shubh Hotels to produce something beyond the self-serving and hollow characterization of the Advances by Bisaria has passed.  Bisaria's unsupported and oft contradicted testimony concerning his alleged intent at the time of the Advances is not sufficient to demonstrate that any genuine issue for trial exists in the instant matter.  <u>See</u> <u>Jersey Cent. Power & Light Co. v. Lacey Twp.</u>, 772 F.2d 1103, 1109 (3d Cir. 1985) (To show the existence of a genuine issue, "the evidence must create a fair doubt, and wholly speculative assertions will not suffice.") (citing <u>Ross v. Communications Satellite Corp.</u>, 759 F.2d 355, 364 (4th Cir. 1985)).  Without citing sufficient evidence on the record to support its assertion, Shubh Hotels has not met its burden and summary judgment may be appropriately entered in favor of the Objectors.  <u>See</u> Fed. R. Civ. P. 56(e).

<u>E.</u>

As this Court has found a grant of summary judgment based on the lack of a genuine issue of material fact regarding the characterization of the Advances supporting the Claim as equity contributions, the Court need not reach the other grounds for summary judgment alleged by the Plan Proponents.  Similarly, because this Court will disallow the Claim in its entirety, this Court need not address the alternative relief requested by the Objectors reducing the amount of the Claim to $337,216.11 based on the exclusion of funds transferred to the Debtor directly from Bisaria or third parties that did not file a proof of claim.

**IV.**

Having failed to cite any specific materials on the record to convince this Court that the Advances were intended as "loans" to the Debtor, Shubh Hotels has failed to establish that a genuine issue of material fact exists to move the matter to trial.  With no genuine issues of material fact for trial, this Court grants the *Summary Judgment Motion* filed by the Objectors, and shall enter an Order disallowing the Claim of Shubh Hotels in its entirety.   An appropriate Order shall be entered.  An Order shall also be entered which denies the Creditor Trust's *Motion for Partial Summary Judgment on Objection to Claim No. 68 of Shubh Hotels, LLC* as the relief requested therein is moot because it is subsumed by the Objector's motion (which, in turn, is being granted by the Court).

**Date:**  July 24, 2012          /s/ Jeffery A. Deller
**JEFFERY A. DELLER**
United States Bankruptcy Judge

**CASE ADMINISTRATOR TO SERVE:**
James R. Walsh, Esq.
Roger P. Poorman, Esq.
David W. Lampl, Esq.
John M. Steiner, Esq.
Crystal H. Thornton-Illar, Esq.
Keith T. Grumer, Esq.
Robert O Lampl, Esq.
Office of the United States Trustee